**Gabriel Perez De LEON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–92–303–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1993.

Cesar A. Amador, Brownsville, for appellant.

Luis V. Saenz, John A. Olson, County (Crim. Dist.) Attys., Brownsville, for the state.

Before GILBERTO HINOJOSA, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

*OPINION*

GILBERTO HINOJOSA, Justice.

The trial court found appellant, Gabriel Perez De Leon, guilty of aggravated assault and sentenced him to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant challenges the trial court's finding of guilt by two points of error. We affirm.

Steve Flores and his two cousins were parked at Andy Bowie Beach in Cameron County on August 10, 1991, when appellant and two friends approached in a two-door Datsun and began doing "doughnuts" in the sand. Appellant and his friends drove away, then returned a few moments later. A confrontation ensued in which, according to five witnesses, appellant rapidly exited from his car, brandishing a "Rambo"-style knife. Flores testified that he was very frightened and backed away from appellant. He also testified that he was several feet away from appellant, such that, if appellant had lunged at him with the knife, appellant would have gotten "nothing but air." Flores could not remember whether appellant said anything to him while he held the knife because he was "concentrating on the knife."

Homer Reyna was an off-duty police officer who was parked a few car lengths from Flores. He and his wife witnessed the incident. Observing the escalation of events, Reyna approached the scene and identified himself as a police officer. Appellant responded, "Fuck you. I don't care who you are." Reyna testified that he did not order appellant to drop the knife because he was unarmed and feared for his own safety. Instead, Reyna spoke with the group, prompting appellant and his friends to leave in their

car. No effort was made to arrest appellant at that time.

Only after appellant and his friends returned shortly thereafter, for the third time, and again began doing "doughnuts" near Flores and his cousins, did Officer Reyna contact the authorities. He and the Park Rangers apprehended appellant and his friends approximately one mile away and arrested appellant for public intoxication. The "Rambo"-style knife was not found in appellant's car; nor was it introduced into evidence at trial.

■ In his first point of error, appellant challenges the trial court's finding of guilt on the grounds that, because it failed to make an affirmative finding that appellant used a deadly weapon to assault Flores, he could not have been found guilty of assault with a deadly weapon. At the sentencing phase of the trial, appellant complained that the visiting judge who had heard the merits of the case did not make an affirmative finding that appellant had used a deadly weapon in the commission of the offense, and asked that the sentencing judge do so. The sentencing judge refused appellant's request because he had not heard the evidence.

A finding that a defendant is guilty "as charged in the indictment" is an implied finding that a knife is a deadly weapon where the indictment charges the defendant with having used a deadly weapon, "to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury." *English v. State,* 647 S.W.2d 667, 669, n. 1 (Tex.Crim.App.1983). An implied finding that a knife is a "deadly weapon" is sufficient to support a finding of guilt.

As in *English,* the trial court in this case found appellant guilty "as charged in the indictment," and appellant's indictment charged him with using a deadly weapon, "to wit, a knife that in the manner of its use and intended use was capable of causing serious bodily injury." Accordingly, the trial court impliedly found that the knife appellant held was a deadly weapon. *Id.* The fact that, for punishment purposes, the trial court failed to make a specific affirmative finding that appellant held a deadly weapon does not nullify

the trial court's initial finding of guilt. Appellant's first point of error is overruled.

■ In his second point of error, appellant argues· that the evidence is insufficient to establish that he threatened Flores with imminent bodily injury as charged in the indictment. A person commits aggravated assault if he or she 1) "intentionally or knowingly threatens another with imminent bodily injury," TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989), 2) with a "deadly weapon," TEX. PENAL CODE ANN. § 22.02(a)(4) (Vernon 1989). The standard of review for a sufficiency challenge is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Geesa v. State,* 820 S.W.2d 154, 156–157 (Tex. Crim.App.1991) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

■ We first address the "deadly weapon" element of the offense of aggravated assault. A knife is not *per se* a deadly weapon under TEX. PENAL CODE ANN. § 22.-02(a)(4) (Vernon 1989). *Moreno v. State,* 755 S.W.2d 866, 868–69 (Tex.Crim.App.1988); *Green v. State,* 831 S.W.2d 89, 93 (Tex. App.—Corpus Christi 1992, no pet.); *Villarreal v. State,* 809 S.W.2d 295, 297 (Tex. App.—Corpus Christi 1991, pet. ref'd). Under TEX. PENAL CODE ANN. § 1.07(a)(11)(B) (Vernon 1974), a knife is defined as a "deadly weapon" if, "in the manner of its use or intended use, [it] is capable of causing death or serious bodily injury." *Id.* The infliction of knife wounds and the testimony of expert witnesses are not required to determine whether a knife is a deadly weapon within the meaning of § 1.07(a)(11)(B), although they are certainly factors to be considered. *Davidson v. State,* 602 S.W.2d 272, 273 (Tex. Crim.App.1980). The length and sharpness of the blade and the proximity of the knife to the victim are also considered. *Id.*

■ Flores and Reyna testified that the knife appellant held caused them to fear for their safety. All five witnesses described the knife as a "Rambo"-style knife. Flores' cousin testified that appellant pulled the

knife out of a "holster." Based on the five witnesses' descriptions, we conclude that the knife was a hunting knife, with a curved, eight-inch blade and serrations on one side. Brandishing a knife designed to disembowel wild game suggests that appellant's intended use of the knife may have been deadly. Viewing this evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found that appellant's "Rambo"-style knife was a deadly weapon within the meaning of § 1.07(a)(11)(B). TEX. PENAL CODE ANN. § 22.02(a)(4) (Vernon 1989); *Geesa*, 820 S.W.2d at 156–157; *English*, 647 S.W.2d at 669, n. 1.

We now turn to whether appellant committed an assault as defined in TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989). To constitute an offense under § 22.01(a)(2), threats may be conveyed by action or conduct as well as words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex.Crim.App.1984). The State need not prove the ability to commit a battery for a defendant to be convicted of assault. *Miller v. State*, 741 S.W.2d 501, 503 (Tex.App.—Corpus Christi 1987, pet. ref'd) (conviction affirmed even though complainant out of range of shotgun). The mere presence of a deadly weapon, under proper circumstances, can be enough to instill fear and threaten a person with bodily injury. *Gaston v. State*, 672 S.W.2d 819, 821 (Tex. App.—Dallas 1983, no pet.) (conviction affirmed even though defendant made no physical motion to employ gun, nor verbally threatened victim).

Flores testified that he did not remember whether appellant said anything to him. He also testified that he stood more than an arm's length from appellant. Nonetheless, the knife and appellant's demeanor caused Flores to feel threatened and afraid. Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found that appellant used the knife to intentionally or knowingly threaten Flores with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989); *Geesa*, 820 S.W.2d at 156–157. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.