IN THE
TENTH COURT OF APPEALS
 

No. 10-99-351-CR

     NANCY D. EDWARDS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 1
Johnson County, Texas
Trial Court # M1999801867
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Nancy D. Edwards was convicted of assaulting her former son-in-law. The trial court
sentenced her to one year in jail, which it suspended, and placed her on community supervision. 
She appeals, alleging the evidence was legally and factually insufficient to support her conviction. 
We affirm.
Issue
      Edwards contends in one issue that the evidence was insufficient to prove she assaulted
Charles Layland and insufficient to prove Charles suffered bodily injury.
Law
      A legal-sufficiency review calls upon the reviewing court to view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Margraves v. State, 34
S.W.3d 912, 917 (Tex. Crim. App. 2000). See also Jackson v. Virginia, 443 U.S. 307, 61 L. Ed.
2d 560, 99 S. Ct. 2781 (1979) (emphasis in original); Mason v. State, 905 S.W.2d 570, 574 (Tex.
Crim. App. 1995). It does not involve any weighing of favorable and non-favorable evidence. 
Margraves, 34 S.W.2d at 917 (citing Cardenas v. State, 30 S.W.3d 384 (Tex. Crim. App. 2000)).
      When conducting a review of the factual sufficiency of the evidence we apply the standard of
review set out by the Court of Criminal Appeals in Johnson v. State, 23 S.W.3d 1 (Tex. Crim.
App. 2000). We ask “whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in
the [fact finder’s] determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.” Id. at 11; see also Cain v. State, 958 S.W.2d 404 (Tex. Crim.
App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). The fact finder is the
judge of the credibility of the witnesses and may "believe all, some, or none of the testimony."
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).
      The Texas Penal Code defines bodily injury as physical pain, illness, or any impairment of
physical condition. Tex. Penal Code Ann. § 1.07(a)(8) (Vernon 1994). This definition is
purposefully broad and encompasses even relatively minor physical contacts so long as they
constitute more than mere offensive touching. Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim.
App. 1989). In fact, the degree of injury sustained by a victim and the "type of violence" utilized
by an accused is of no consequence. Id. Additionally, the State need not prove the ability to
commit an assault for a defendant to be convicted of assault. De Leon v. State, 865 S.W.2d 139,
142 (Tex. App.—Corpus Christi 1993, no pet.).
Facts
      Melanie and Charles Layland were separated and engaged in a custody battle of their two
children, a boy and a girl. They were to meet at a McDonald’s in Burleson, Johnson County,
Texas to exchange the children for visitation. No other person was to be present during the
exchange of the children. In July of 1998, Charles and Melanie met at the designated place and
time so Melanie could turn the children over to Charles. April, Melanie’s sister, and Craig,
Melanie’s son, were next door at Taco Bueno videotaping the exchange. Melanie buckled the
children into their car seats in Charles’s car and began conversing with Charles about their
pending divorce. While Charles sat in the driver’s seat, Melanie stood in the space of the open
driver’s door, preventing Charles from closing the door and backing out of his parking space.
      About 10 minutes after the scheduled exchange was to take place, Charles’s sister, Mary, and
his daughter, Shayla, and her friend, Brandee, passed by the McDonald’s on their way to Fort
Worth. Mary noticed that Charles was still there. She assumed trouble and had Brandee, who
was driving, pull into the parking lot. Brandee got out and reported back to Mary that Melanie
and Charles were arguing. Mary got out and walked towards Charles’s car. She observed
Melanie trying to take the children out of their car seats and Charles leaning over the front seat
into the back trying to prevent the taking. Melanie testified that she only tried to take the children
when she smelled alcohol on Charles’s breath and saw Mary coming toward them.
      April then approached quickly to help Melanie try to take the children by beating on Charles. 
They both shouted obscenities at Charles and beat him. He would not let go of the children. April
bit Charles on the back. She testified that her bite was in response to Charles biting his little girl
as Melanie was securing possession of her. 
      As Charles was beaten, Mary sent Shayla and Brandee into the McDonald’s to call the police. 
Also during the struggle, Edwards, Melanie’s mother, pulled up and parked her car behind
Charles’s car, blocking him in his parking space. She tried to take the boy from his car seat and
also beat Charles. Charles had a protective order against Edwards. April, Melanie and Craig all
denied that Edwards beat Charles. Melanie testified that Edwards was physically unable to beat
Charles because of surgery ten years earlier on her hands. Charles, Mary, Shayla and Brandee
testified that Edwards beat Charles. 
      When the police arrived, the struggle had subsided and Edwards was seen with the video
camera. The little girl was given back to Charles. Charles was allowed to go home with both
children. He arrived at the police station later to file a complaint. Melanie, April and Edwards
were arrested at the scene. 
      Charles testified that the beatings were painful. He had bruises and marks on him. He went
to the hospital to be examined. He distinctly remembered that Edwards beat him on his arm and
his back.
Application
      After reviewing the facts in the light most favorable to the prosecution, any rational trier of
fact could have found beyond a reasonable doubt that Edwards assaulted Charles and that Charles
sustained bodily injury. In a neutral review of all the facts, we do not believe the State’s proof
of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the
proof of guilt is greatly outweighed by contrary proof. The evidence is both legally and factually
sufficient to sustain Edwards’s conviction. Her only issue is overruled.
Conclusion
      Having overruled her only issue, the trial court’s judgment is affirmed.
 
                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 11, 2001
Do not publish