NO. 12-00-00381-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES WARREN NELSON,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 After a bench trial, the trial court convicted James Warren Nelson ("Appellant") of retaliation
and sentenced him to five years of imprisonment probated for five years. Appellant appeals his
conviction bringing one issue for our consideration. We affirm.


Background 


 The record shows that at approximately 9:00 p.m. on December 24, 1995, Tyler police officers
Steven Risinger ("Risinger") and Mike Kuehn ("Kuehn") responded to a report of a family disturbance
at 1037 Whiteside in Tyler, Texas. When Risinger arrived, he found that Appellant was involved in
a verbal argument with other members of his family. Risinger testified that he came to the conclusion
that Appellant was intoxicated because of his belligerent nature toward his family, the officers, and
EMS personnel, which had also been dispatched to the scene, and because he detected the odor of
alcohol on his breath and person. After about ten minutes, Risinger decided to leave because
Appellant had calmed down. Risinger believed that the family would be able to resolve the situation
and that the presence of police was agitating the situation. He did not give any tickets or make any
arrests because he did not believe that a criminal violation had occurred.

 About twenty minutes after Risinger and Kuehn left, they got another call to respond to a
family disturbance at 1037 Whiteside. This time two additional Tyler police officers, John Portlow
("Portlow") and Harold Snyder, responded as well. The officers approached on foot and Risinger
observed Appellant, Appellant's father, David Nelson, and Charles Nelson on the front porch. 
Risinger testified that he heard Appellant say to David Nelson, "I'm going to blow your mother-fucking head off." Not knowing whether Appellant had a weapon or not, the officers drew their
weapons and made a rapid approach to the scene. As they were approaching, Risinger heard Appellant
say to David Nelson, "I'm going to kick your ass." At that point, Risinger decided to arrest Appellant
for "assault by threat," which is a class C misdemeanor. Risinger advised Appellant that he was under
arrest. Appellant resisted Risinger's attempt to put handcuffs on him. Eventually, Risinger and the
other officers were able to get the handcuffs on Appellant. Appellant continued to resist, however, and
became more upset and belligerent. Appellant began to yell and curse at the officers and his family. 
After a lengthy struggle, Risinger and the other officers were finally able to get Appellant into a patrol
car. 

 Risinger stated that as he was transporting Appellant to jail, Appellant said, "I'm going to kick
your mother-fucking ass" and "You can't fucking do this to me." According to Risinger, Appellant
also said, "I'm going to kill you for this when I get out of jail. You don't want to mess with J.W.
Nelson." Finally, Appellant said, "I'm going to kill you and your whole mother-fucking family for
this." Risinger testified that he made this last statement several times. After Appellant was placed in
a detoxification cell at the Smith County Jail, Risinger completed a report charging Appellant with
assault by threat, resisting transportation, and retaliation. 

 The Texas Penal Code provides that a person commits an offense if he intentionally or
knowingly harms or threatens to harm another by an unlawful act in retaliation for or on account of
the service or status of another as a public servant. Tex. Pen. Code Ann. § 36.06(a)(1) (Vernon Supp.
2002). The indictment in this case alleged that Appellant "did then and there intentionally and
knowingly threaten to harm another, to wit: Steven Risinger and his family by an unlawful act, to wit:
threatening to kill the said Steven Risinger and his family, in retaliation for and on account of the
service of the said Steven Risinger and his family as a police officer for the City of Tyler." Appellant
filed a motion to suppress the statements he made to Risinger after he was arrested. The trial court
carried the motion through the trial. Risinger, Portlow, and a deputy with the Smith County sheriff's
department were the only witnesses to testify at trial. At the close of evidence, the trial court denied
the motion to suppress and found Appellant guilty of retaliation.


Motion to Suppress


 In his sole issue, Appellant complains that the trial court erred in denying his motion to
suppress. Appellant argues that his arrest was illegal and, therefore, his statements to Risinger made
after his arrest should have been suppressed. 

Standard of Review

 In reviewing a trial court's ruling on a motion to suppress, an appellate court should generally
afford almost total deference to a trial court's determination of historical facts supported by the record,
especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The identical amount of deference
should be given to the trial court's rulings on application of law to fact questions, if the resolution of
those ultimate questions turns on an evaluation of credibility and demeanor. "The appellate courts may
review de novo 'mixed questions of law and fact' not falling within this category." Id. 

 In accordance with these principles, de novo review is appropriate when an appellate court is
presented with a question of law based on uncontroverted testimony and there is no indication that the
trial court did not believe that testimony. State v. Ross, 853, 857-58 (Tex. Crim. App. 2000); Oles v.
State, 993 S.W.2d 103, 105-06 (Tex. Crim. App. 1999); Maestas v. State, 987 S.W.2d 59, 62-63 n.8
(Tex. Crim. App. 1999). Here, Risinger's version of the facts was uncontroverted and the trial court's
ruling was not contrary to his testimony. Thus, we review the trial court's application of the law de
novo, while affording almost total deference to the trial court's determination of the historical facts. 
Guzman, 955 S.W.2d at 89; Reynolds v. State, 962 S.W.2d 307, 309 (Tex. App. - Houston [14th Dist.]
1998, pet. ref'd). When, as here, the trial court does not make explicit findings of historical fact, we
view the facts adduced at the suppression hearing in the light most favorable to the trial court's ruling. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Vargas v. State, 18 S.W.3d 247,
251 (Tex. App.-Waco 2000, pet. ref'd).

Discussion

 Risinger testified that he arrested Appellant for "assault by threat." A person commits assault
if the person intentionally or knowingly threatens another with imminent bodily injury. Tex. Pen.
Code Ann. § 22.01(a)(2) (Vernon Supp. 2002). An assault committed under section 22.01(a)(2) is
a class C misdemeanor. Tex. Pen. Code Ann. § 22.01(c) (Vernon Supp. 2002) 

 Appellant acknowledges that pursuant to article 14.01(b) of the Texas Code of Criminal
Procedure, "[a] peace officer may arrest an offender without a warrant for any offense committed in
his presence or within his view." Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977). He
argues, however, that his arrest was illegal because there is no evidence that his statements amounted
to a threat of imminent bodily injury, as required by section 22.01(a)(2). More specifically, Appellant
argues that there is no evidence that he was "on the verge of carrying out the stated intention or
whether he had the present ability to carry out such intention." He contends that because he was
intoxicated and there is no evidence of present ability to carry out his stated intention, the statements
in question were merely "boastful words with no assaultive intent." Appellant also points out the
alleged victim did not testify that his statements were threatening to him.

 In reviewing a warrantless arrest to determine the existence of probable cause, we consider the
facts known to the officer at the time of the arrest. Amores v. State, 816 S.W.2d 407, 415 (Tex. Crim.
App. 1991). Whether probable cause exists is determined by applying the totality of the circumstances
test. Id. at 413. The State bears the burden of proving the existence of probable cause to justify a
warrantless arrest or search. Id. An officer has probable cause to make an arrest when the facts and
circumstances within the officer's knowledge, and of which he has reasonably trustworthy information,
are sufficient themselves to warrant a person or reasonable caution in the belief that a particular person
has committed or is committing an offense. Id. 

 A threatened injury is "imminent" if it is "near at hand" or "on the verge of happening." 
Devine v. State, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (interpreting term "imminent" in
robbery statute). Risinger testified that he responded to two family disturbance calls at 1037
Whiteside, one at 9:00 p.m. and another about thirty minutes later. During the first call, Risinger (1)
heard Appellant use profane language, (2) concluded that Appellant was intoxicated, and (3) observed
Appellant acting in a belligerent manner toward his family, the police, and EMS personnel. Upon the
second report of a family disturbance at 1037 Whiteside, Risinger, Kuehn and two additional officers
proceeded to the scene. Risinger testified that:


 Since we had been there before and we knew-first of all, with it being the holiday time, we
expect family disturbances. They're a common occurrence, not just here in Tyler but all over America. 
Emotions run high on the holidays.

 Family disturbances are a dangerous call for the police to go on. Again, you have family
members together. Emotions run high. Those can be very difficult calls for police to work.

 So for officer safety, we parked about half a block away, we turned our headlights off on our
vehicles, our patrol vehicles, before we entered the area, and then we approached on foot so we could
have a better view of anything that was going on at the scene and/or hear anything that was going on at
the scene. 



Risinger stated that as they approached, he saw Appellant, David Nelson and Charles Nelson on the
front porch. He heard Appellant say to David Nelson, "I'm going to blow your mother-fucking head
off." When asked what he did then, Risinger testified that:


 Based upon the experience that we had in the previous call; we'd been called back out here to
another disturbance; they are in very close proximity; I hear him make a direct threat against another
family member; we can't tell at this point whether he has any sort of a weapon in his hand where he can
immediately carry out that threat.

 So the other two officers and I make a rapid approach on the scene; we have our weapons at
the gun-ready position, again, because we don't whether he has a weapon or not; and as we're going up
there, we hear more threats that are made.



Risinger stated that he then heard Appellant say to David Nelson, "I'm going to kick your ass." He
testified that based upon those two threats, he made the decision to arrest Appellant for assault by
threat. 

 Although there is no evidence in the record that Appellant had a firearm on his person or that
there was a firearm on the premises, we conclude that, based on the totality of the circumstances, a
reasonable person could have believed that Appellant had committed assault when he said "I'm going
to kick your ass," which would not have required the use of a firearm. Tex. Pen. Code Ann. §
22.01(a)(2). Specifically, we hold that Risinger could have reasonably concluded that the threatened
injury was "near at hand." Devine, 786 S.W.2d at 270.

 With regard to Appellant's contention that the fact he was intoxicated meant that his statements
were merely boastful words, we note that voluntary intoxication does not constitute a defense to the
commission of crime. Tex. Pen. Code Ann. § 8.04(a) (Vernon 1994); Hudspeth v. State, 31 S.W.3d
409, 411 (Tex. App.-Amarillo 2000, pet. ref'd). Further, the fact that Appellant was intoxicated could
have led a reasonable person to believe that the likelihood of Appellant acting on his statements was
greater, rather than less. Moreover, the State need not prove the ability to commit a battery for a
defendant to be convicted of assault. DeLeon v. State, 865 S.W.2d 139, 142 (Tex. App.-Corpus
Christi 1993, no pet.).

 Concerning Appellant's assertion that the victim did not testify that Appellant's statements
were threatening to him, we note that whether the victim felt threatened or was afraid is not an element
of assault. See Williams v. State, 827 S.W.2d 614, 616 (Tex. App.-Houston [1st Dist.] 1992, pet.
ref'd) (comparing requirement in robbery prosecution that State prove that victim was placed in fear
of imminent bodily injury with requirement in assault prosecution that State prove that the accused
threatened the victim with imminent bodily injury). Since Risinger had probable cause to arrest
Appellant, there is no basis upon which Appellant's statements to Risinger could be suppressed.

 Furthermore, even if we were to conclude that Risinger lacked probable cause to arrest
Appellant, we would still conclude that there was no basis upon which his statements could be
suppressed. While the parties do not cite any authority pertaining to the effect of an unlawful arrest
on a charge of retaliation, and we have found none, the State analogizes to prosecutions for resisting
arrest. As the State points out, it is no defense to prosecution for resisting arrest that the arrest was
unlawful. State v. Mayorga, 901 S.W.2d 943, 945 (Tex. Crim. App. 1995). We conclude that the
same rationale is applicable here. Even if Appellant's arrest was unlawful, it would not justify or
excuse Appellant's statements of his intention to kill Risinger and his family. Finally, we note that
the exclusionary rule contained in article 38.23 of the code of criminal procedure, (1) only applies to
illegally obtained evidence of a previously committed crime. Id. at 946. Again, analogizing to
resisting arrest cases, evidence that a person threatened retaliation against an officer does not exist
before the allegedly illegal arrest because the crime of retaliation has not yet been committed. Id. 
Thus, article 38.23 is inapplicable to the facts at hand.



CONCLUSION 


 For all of the foregoing reasons, we conclude that the trial court did not err in denying
Appellant's motion to suppress. Accordingly, Appellant's sole issue is overruled.

 The judgment of the trial court is affirmed.



 LEONARD DAVIS 

 Chief Justice



Opinion delivered March 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



























(DO NOT PUBLISH)
1. Article 38.23 provides:

 No evidence obtained by an officer or other person in violation of any provisions of the
Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case. . .