Affirmed and Memorandum Opinion filed July 24, 2007








Affirmed and Memorandum Opinion filed July 24, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00564-CR

_______________

 

DONALD WAYNE MORRIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                          


On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 42,225

                                                                                                                                           


 

M E M O R A N D U M   O P I N I O N

A jury
found appellant, Donald Wayne Morris, guilty of aggravated assault and
sentenced him to four years= confinement.  In three issues, he contends the evidence is
legally and factually insufficient to support the conviction, and the trial
court erred by refusing to charge the jury on the claimed lesser-included
offense of misdemeanor deadly conduct.  Our disposition is based on clearly
settled law.  Accordingly, we issue this memorandum opinion and affirm.  See
Tex. R. App. P. 47.4.








I. Background

Complainant,
Kourtney James, was the only eyewitness who testified at trial.  James lived
with her aunt.  Appellant and James were involved in a dating relationship.  On
May 13, 2005, James arrived home from school around 2:45 p.m.  Later that day,
appellant came to James=s house.  At the front door, they argued regarding appellant=s failure to pick up James from school
that day. At some point during this argument, appellant was standing
approximately ten feet from James when he raised a gun in James=s direction and fired into the front
door of the house. After firing the gun, appellant told James, ABitch, what would your auntie think
if I lit these windows up and lit you up, too?@  The appellant then walked away,
telling a man across the street, AThe bitch is tripping.@

Appellant
voluntarily went to the Houston Police Department (HPD) about two hours after
the incident.  Officer D.E. Dexter testified that appellant told police that he
did not fire a gun.  Officer Dexter testified that appellant told him, Athere was some individual across the
street who did not get along with him that shot at him.@  However, appellant did not describe
or identify this alleged shooter.

Subsequently,
appellant was convicted by a jury of aggravated assault and sentenced to four
years= confinement.

II. Legal and Factual Sufficiency

In his
first and second issues, appellant contends the evidence is legally and
factually insufficient to support his conviction.  Specifically, appellant
contends the State failed to prove all of the elements of aggravated assault
beyond a reasonable doubt.

A.        Standard of Review








In determining legal sufficiency, we view all the evidence
in the light most favorable to the verdict and then decide whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Salinas
v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the
sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  Jones
v. State, 984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in
a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784
(Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  

In determining factual sufficiency,  we review all the
evidence in a neutral light and set aside the verdict Aonly if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.@  Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (quoting Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996)).  Before we may reverse for factual
insufficiency, we must first reach the conclusion, with some objective basis in
the record, that the great weight and preponderance of the evidence contradicts
the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  When reviewing
evidence, we must avoid intruding on the fact-finder=s role as the sole
judge of the weight and credibility of the witness testimony.  See Johnson
v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).  We do not re-evaluate the
credibility of witnesses or the weight of evidence and will not substitute our
judgment for that of the fact-finder.  Johnson v. State, 967 S.W.2d 410,
412 (Tex. Crim. App. 1998).

B.      Analysis

A person commits assault if he intentionally or knowingly
threatens another with imminent bodily injury.  Tex. Penal Code Ann. ' 22.01(a)(2) (Vernon Supp. 2006).  Assault becomes
aggravated assault when the person uses or exhibits a deadly weapon during the
commission of the
assault.  Tex. Penal Code Ann. ' 22.02(a)(2) (Vernon Supp. 2006). 








At
trial, James testified that she and appellant were arguing when appellant
threatened to slap her.  James responded by threatening to tell her brothers. 
Appellant then pulled his gun out and held it by his side.  James asked
appellant,AWhat you going to do, shoot me?  You not going to be a man about it?@  Appellant raised the gun in James=s direction and fired it into the
front door of the house.  When appellant fired the gun, he was standing
approximately ten feet from the front door.  After firing the gun, appellant
shouted: ABitch, what would your auntie think if I lit these windows up and lit you
up, too?@  Appellant presented no witnesses to
contradict James=s account of the events.

Based on
James=s testimony, the jury could
reasonably have found that appellant intentionally and knowingly threatened
James with imminent bodily injury.  Further, the jury could reasonably have
found that appellant not only exhibited but also used a deadly weapon during the
commission of the
assault.  The jury was free to believe James=s testimony that appellant produced a
gun, raised it in her direction, and fired into her front door.








Appellant
argues that another gunman, standing across the street, could have fired the
shot into James=s door because James did not testify that she actually saw
appellant fire the gun.  To the contrary, James identified appellant as the
shooter.  Moreover, there is a marked difference between the sound James would
have heard from a gun fired ten feet away as opposed to the sound of a gun
fired from across the street. Appellant also argues that police did not recover
the gun, no gunshot residue tests were performed, and his fingerprints were not
on the bullet casing found in James=s front yard.  First, while each of
these points may have evidentiary value, none are prerequisite to a
conviction.  It is not necessary for every fact to point directly and
independently to the guilt of the accused; it is enough if the conclusion is
warranted by the cumulative force of all incriminating evidence.  See
Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).  Second,
Officer Dexter testified that Houston police officers normally perform gunshot
residue tests when the witness is the complainant and can identify the
suspect.  Officer Dexter also testified that a .25 caliber bullet casing was
found in James=s front yard fifteen to twenty feet from the front door.  Officer Debbie
Rowe, an evidence processor for HPD, testified that it is unusual to find any
friction ridge detail (latent fingerprints) on a spent bullet casing because a
bullet casing is small and any friction ridge detail is going to be minimal. 

Appellant
further argues an assault did not occur because James never perceived that she was threatened
with imminent bodily injury.  To the contrary, James testified that when appellant produced the gun,
she asked, AWhat you going to do, shoot me?  You not going to be a man about it?@  James further testified that after
appellant asked her, ABitch, what would your auntie think if I lit these windows up
and lit you up, too,@ she ran to a friend=s house and called the police because
she was afraid appellant would follow through with his threat.  Finally,
Officer Terry Hickerson, who responded to the call,  testified James=s demeanor was Adistraught@ like Asomething had occurred@ that Ashook her up.@  The jury could reasonably conclude
from this testimony that James was threatened with imminent bodily injury.








Appellant
also contends that the presence of a gun is evidence of a threat only when the
gun is in close proximity to the victim.  Appellant cites DeLeon v. State,
865 S.W.2d 139, 142 (Tex. App.CCorpus Christi 1993, no pet.) and
Gaston v. State, 672 S.W.2d 819, 822 (Tex. App.CDallas 1983, no pet) in which courts
have upheld convictions for aggravated assault.  Appellant attempts to
distinguish those cases from this case based upon the distance between the gun
and James.  This argument is misguided.  First, the weapon in DeLeon was
a knife.  865 S.W.2d at 142.  The complainant in DeLeon testified that
the defendant was more than an arm=s length away when the defendant
threatened him with a knife.  Id.  Certainly, under most circumstances,
a gun is more dangerous than a knife whether the distance is ten feet or an arm=s length.  Second, in Gaston
the weapon was a shotgun.  672 S.W. 2d at 821.  The defendant held one hand
over the complainant=s mouth and held a shotgun in his other hand.  Id. 
Although the court noted that the shotgun was close to the complainant=s body, because a gun can be fired
and hit an intended target at either one foot or ten feet, the proximity of the
gun under these facts is not an issue.  The jury could have concluded that
James perceived a threat of imminent bodily injury from a gun ten feet away. 
Moreover, the DeLeon court noted that the mere presence of a deadly
weapon, under proper circumstances, can be enough to instill fear and threaten
a person with bodily injury.  Id. (citing Gaston, 672 S.W.2d at
821).

Appellant
also argues James did not perceive a threat of imminent bodily injury because
she took time to put pants on and run to a friend=s house several doors down the
street, rather than call on the neighbor next door.  However, a reasonable jury
could conclude that James=s actions were not unusual or inappropriate, considering the
probability that she was a frightened teenager.  Moreover, James testified that
she went to her friend=s house several doors down the street because she did not
know the neighbors very well.

Examining
the evidence in the light most favorable to the verdict, we conclude that a
reasonable jury could have found that appellant intentionally or knowingly  threatened James
with imminent bodily injury and used or exhibited a deadly weapon, a gun,
during the commission of the assault.  See Tex. Penal
Code Ann. '' 22.01(a)(2), 22.02(a)(2).  Viewing the evidence in a neutral light,
we further conclude that the jury=s verdict is not
contrary to the great weight and preponderance of the evidence and find the
evidence factually sufficient. 

Accordingly,
appellant=s first and second issues are overruled.

III. Lesser-Included-Offense Instruction








In his
third issue, appellant contends the trial court erred by denying his request
for a lesser-included-offense instruction for misdemeanor deadly conduct. 
However, the record reflects that appellant requested an instruction on felony
deadly conduct, not misdemeanor deadly conduct.  Under Texas Penal
Code section 22.05(a), misdemeanor deadly conduct occurs when a person Arecklessly engages
in conduct that places another in imminent danger of serious bodily injury.@  Tex. Penal Code Ann. ' 22.05(a), (e)
(Vernon 2003).  Under Texas Penal Code section 22.05(b), felony deadly conduct
occurs when a person Aknowingly discharges a firearm at or in
the direction of: (1) one or more individuals; or (2) a habitation, building,
or vehicle and is reckless as to whether the habitation, building, or vehicle
is occupied.@  Tex. Penal
Code Ann. ' 22.05(b), (e) (Vernon 2003).  

Specifically,
appellant=s counsel said:

We have one
objection with regards to the inclusion of the Penal Code Section, 22.05(b),
the deadly conduct charge wherein we would state for the record that as a
lesser included offense of aggravated assault, deadly conduct should be
contained within the charge and should state specifically that a person
commits the offense of deadly conduct if he knowingly discharges a firearm at
or in the direction of one or more individuals or a habitation, building, or
vehicle, and is reckless as to whether the habitation, building, or vehicle is
occupied.  

(emphasis added). 
Appellant clearly referred to Texas Penal Code section 22.05(b) and quoted the
provision for felony deadly conduct.

When the
evidence supports a lesser-included offense, defense counsel=s failure to request a charge or to
object to an omission of the charge constitutes waiver.  Kinnamon v. State,
791 S.W.2d 84, 96 (Tex. Crim. App. 1990), overruled on other grounds, Cook
v. State, 884 S.W.2d 485, 491 (Tex. Crim. App. 1994); Mohammed v. State,
127 S.W.3d 163, 169 (Tex. App.CHouston [1st Dist.] 2003, no pet.) (holding where the
defendant requested a jury charge on aggravated robbery and not robbery, the
defendant waived any right to submission of the lesser-included offense of
robbery by not requesting it).  Therefore, appellant waived any right to
submission of the lesser-included offense of misdemeanor deadly conduct.  We overrule
appellant=s third issue.  

Accordingly,
the judgment of the trial court is affirmed.

                                                                               

                     

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed July 24, 2007.

Panel consists of Justices Hedges,
Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).