

# NUMBER 13-12-00775-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTONIO DELEON,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez, Justices Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Antonio Deleon III appeals his conviction for the offense of aggravated assault, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02(a) (West, Westlaw through 2013 3d C.S.), enhanced to a first-degree felony. S*ee id.* § 12.42(b) (West, Westlaw through 2013 3d C.S.).   A jury found appellant guilty, and the trial court assessed punishment at life imprisonment in the Texas Department of Criminal Justice.

By a single issue, appellant contends that the evidence is legally insufficient to support a conviction of aggravated assault. We affirm.

## I. BACKGROUND

Trial testimony established that at around 2:00 a.m., Anton Eggebeen and a group of his colleagues exited a bar. According to Eggebeen, the group encountered appellant and another man in the parking lot. Both men appeared to be intoxicated. After a brief interaction, the two men got into a truck and pulled alongside Eggebeen's group. Appellant was the passenger and the other man was the driver.

Eggebeen testified that the driver asked the group, "Y'all want to f__k it up?," after which appellant said, "Get him with that nine. Get him with that nine." Appellant then produced a handgun and fired it out the driver's side window in Eggebeen's direction. Eggebeen saw a flash and smoke. After the shot was fired, the truck sped away. Eggebeen testified that appellant's act of shooting at him placed him in fear of imminent bodily injury. Other evidence connecting appellant to the shooting included a positive gunshot residue test, indicating appellant fired or handled a gun, an empty shell casing in the driver's truck, and the testimony of a third party who overheard the driver yelling at appellant for shooting a handgun.

## II. STANDARD OF REVIEW

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original);

*see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). "The jury is the exclusive judge of the credibility of the witnesses and of the weight to be given testimony, and it is also the exclusive province of the jury to reconcile conflicts in the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (citing *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* Under such a charge, appellant is guilty of aggravated assault if he intentionally or knowingly threatened another with imminent bodily injury by using or exhibiting a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). A person acts with intent with respect to the nature of their conduct or to the result of their conduct when it is their "conscious objective or desire to engage in the conduct or cause the result." *Id.* 6.03.02(a) (West, Westlaw through 2013 3d C.S.). Direct evidence of intent or knowledge is not necessary; a jury may infer intent or knowledge from a defendant's acts, words, conduct, and the method of committing the crime and the nature of the wounds inflicted on the victim. *See Hart v. State*, 89 S.W.3d

3

61, 64 (Tex. Crim. App. 2002) (en banc) (quoting *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999)); *Linden v. State*, 347 S.W.3d 819, 822 (Tex. App.—Corpus Christi 2011, pet. ref'd). Section 22.02 does not define "threat," but case law has established that the term "threat" is not restricted to verbal statements but includes actions, words, or deeds. *See McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984) (en banc); *Boston v. State*, 373 S.W. 3d 832, 840 (Tex. App.—Austin 2012); *DeLeon v. State*, 865 S.W.2d 139, 142 (Tex. App.—Corpus Christi 1993, no pet.).

### III. DISCUSSION

By his sole issue, appellant argues the evidence is insufficient to convict him of aggravated assault. Specifically, appellant, relying on *McGowan*, contends he never articulated a threat to Eggebeen. Appellant explains that his statement —"Get him with that nine. Get him with that nine"— was directed to the driver rather than Eggebeen. Appellant emphasizes that he fired no warning shot and that no testimony indicated anyone felt threatened by him before he fired the handgun. Appellant does not contest that he shot a handgun out the driver's window.

In *McGowan,* the court of criminal appeals determined that the evidence was insufficient to convict the defendant of aggravated assault by threat because the victim was stabbed from behind; [the victim] never saw appellant holding a knife nor did she testify that appellant threatened her with a knife." 664 S.W.2d at 357. *McGowen,* however, does not stand for the principle that a person who does see someone point a weapon at them is unthreatened, and the facts of *McGowan* are distinguishable from this case. *See id.* In this case, Eggebeen testified that he saw appellant produce a handgun, point it in his general direction, and fire it.

4

Appellant is correct in his assertion that the State needed to prove the existence of a threat, but the term "threat" is not limited to verbal statements. *Id.*; *Boston,* 373 S.W. 3d at 840; *DeLeon,* 865 S.W.2d at 142. A jury can find that a defendant's actions, words, or deeds conveyed a threat, *see McGowan,* 664 S.W.2d at 357, and proof of a *verbal* threat is unnecessary. *See Cantu v. State*, 953 S.W.2d 772, 775 (Tex. App.—Corpus Christi 1997, writ ref'd) (citing *Preston v. State*, 675 S.W.2d 598, 601 (Tex. App.—Dallas 1984, pet. ref'd)). Appellant's act of pointing the handgun at Eggebeen was sufficient to establish the threat requirement under the aggravated assault statute. *See Dickerson v. State*, 745 S.W.2d 401, 403 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) (holding that the pointing of a gun alone establishes the threat); *see also Dorough v. State*, 639 S.W.2d 479, 480 (Tex. Crim. App. [Panel Op.] 1982) (holding evidence that a gun was pointed at another's head sufficient to prove threat); *Brown v. State*, 576 S.W.2d 820, 822 (Tex. Crim. App. 1978) (same).

After reviewing the evidence in the light most favorable to the judgment, we conclude that a reasonable juror could have found beyond a reasonable doubt the elements of aggravated assault. *See Johnson*, 364 S.W.3d at 293–94. We overrule appellant's sole issue on appeal.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of June, 2014.