# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-08-135-CR

EVERETT V. SALINAS A/K/A                                    APPELLANT
EVARISTO SALINAS

V.

THE STATE OF TEXAS                                          STATE

------------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## OPINION

------------

Upon his open plea of guilty, a jury convicted Appellant Everett V. Salinas a/k/a Evaristo Salinas of indecency with a child and assessed his punishment at thirteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. In one point, Appellant argues that the trial court committed reversible error by failing to withdraw sua sponte his guilty plea after he testified that he did not

commit the offense as alleged in the indictment. Because the trial court was not obligated to withdraw Appellant's plea sua sponte, we affirm the trial court's judgment.

During the punishment phase, the complainant in this case, M.H., testified that while Appellant and his wife were visiting the home of neighborhood friends, Appellant entered the room that M.H. was in and brushed up against her breast with the back of his hand while she sat on the bed watching her younger brother play video games. Later, M.H. testified, she left her brother's room and walked toward her room. When she entered the hallway, Appellant was there, and he grabbed her wrist, pulled her toward him, and kissed her cheek. According to M.H., Appellant then turned her around, put his arms around her waist from behind, and moved his hands onto her "private area" over her clothes while kissing her neck; he then moved both of his hands up to M.H.'s breasts and rubbed them. M.H. stated that she then escaped Appellant's grasp and went back to her brother's room, where her brother continued to play. Appellant and his wife left the residence soon after that; then M.H. went to her room alone. M.H. was thirteen at the time.

Appellant testified that on the day of the offense, M.H. came over to him and sat on his lap on the bed, and he pushed her away and told her to get off of his lap. Later, when the two passed in the hall, he kissed her on the cheek

2

and contacted her breast with his hand, but for a second or less and only to push her away. Appellant denied M.H.'s version of events and specifically denied (1) that he touched M.H.'s breasts with any intent to gratify himself sexually and (2) that he derived any sexual pleasure from his interaction with M.H.

In his sole point, Appellant argues that the trial court was obligated to withdraw sua sponte his guilty plea after he testified that he did not commit the offense as alleged in the indictment. As the parties correctly point out, prior law did require the trial court to withdraw a defendant's guilty plea before a jury when evidence was introduced making evident the innocence of the defendant or reasonably and fairly raising an issue as to the innocence of the defendant.[1] But in 2004, the Texas Court of Criminal Appeals changed many years of well established law with *Mendez v. State*, relieving the trial court of the duty to sua sponte withdraw a plea of guilty when evidence of innocence is introduced during a jury trial on punishment.[2]

The *Mendez* court held that a trial court has a duty only to consider a defendant's request to withdraw his plea and that it is reasonable to require a

---

[1] *Griffin v. State*, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986).

[2] *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004).

3

defendant to timely seek to withdraw his plea of guilty.[3]  When a defendant does not do so, "he may not complain for the first time on appeal that the trial court did not do it for him."[4]  The focus of the *Mendez* court was not the sufficiency of the evidence of guilt, as Appellant seems to allege in an attempt to distinguish the case, but whether the complaint alleged that "the trial court disregarded an absolute or systemic requirement, or that [Mendez] was denied a waivable-only right that he did not waive," and thus could be brought for the first time on appeal, or whether the complaint was about another type of law and thus forfeited because Mendez failed to preserve it.[5]

In the case now before this court, Appellant did not ask to withdraw his plea, even though he testified that he did not commit the offense as described in the indictment.  We hold, therefore, that Appellant has forfeited his complaint by failing to raise the issue before the trial court.[6]  We overrule Appellant's sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

---

[3] *Id.*

[4] *Id.*; *see* Tex. R. App. P. 33.1.

[5] *Mendez*, 138 S.W.3d at 342.

[6] *See id.* at 342, 350; *see also* Tex. R. App. P. 33.1.

PANEL:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

PUBLISH

DELIVERED:  February 12, 2009