**Opinion filed May 28, 2009**



In The

# Eleventh Court of Appeals

––––––––

## No. 11-07-00194-CR

––––––––

## ROBERT LEE WORTHY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR17633**

### O P I N I O N

Robert Lee Worthy appeals his conviction by a jury following his plea of guilty of two offenses of sexual assault. The jury assessed his punishment for each offense at eight years in the Texas Department of Criminal Justice, Institutional Division. The trial court ordered that his sentences be served concurrently. He contends in eight points of error that (1) the trial court erred in admitting evidence that his stepbrother was a registered sex offender because such evidence was not relevant since the probative value of such evidence was substantially outweighed by the danger of unfair prejudice and since the State failed to give notice of its intent to offer such evidence (Points One, Two, and Three); (2) his attorney rendered ineffective assistance of counsel by failing to object to a misstatement of law made by the trial court and by failing to request an instruction in the jury

charge correcting the trial court's misstatement of the law regarding concurrent versus consecutive sentencing in his case (Points Four and Five); (3) the trial court abused its discretion in admitting testimony by the investigating detective that Worthy had engaged in a "grooming" process and thereby caused the complainant to engage in sexual relations because the testimony was not admissible under either Rule 701 or Rule 702 of the Texas Rules of Evidence (Points Six and Seven); and (4) the trial court violated TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 2009) by continuing to rely on guilty pleas that no longer appeared free and voluntary, rather than granting Worthy's motion for a mistrial (Point Eight). We affirm.

Worthy contends in Points One and Two that the trial court erred in admitting testimony that his stepbrother was a registered sex offender because the evidence was not relevant and because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

When the complainant was fourteen years of age, Worthy and his wife took her into their family. The complainant's aunts advised the Worthys that the complainant was acting out and had been promiscuous. Over time, before the complainant became seventeen years of age, Worthy and the complainant developed a sexual relationship. He sometimes brought the complainant to his stepbrother's house or apartment. Worthy testified that the house or apartment was split into two sections with two entrances. He indicated that he installed a lock on the connecting door to his room. Worthy stated that his stepbrother had no access to his room and had no knowledge about what was going on. Worthy acknowledged that, at the time he brought the complainant to his stepbrother's house, he knew one of the conditions of his stepbrother's community supervision was that he could not have unsupervised children under the age of seventeen in his home and that he knew, when he took the complainant over to his stepbrother's house, it was a violation of his stepbrother's community supervision.

Before a jury, Worthy pleaded guilty to the indictment, which charged that he intentionally and knowingly caused the penetration of the complainant's sexual organ by his sexual organ when she was younger than seventeen and not his spouse. He filed an application for community supervision. Consequently, one of the issues for the jury to determine was whether Worthy should receive community supervision or be assessed punishment in the Texas Department of Criminal Justice, Institutional Division. We agree with the State's contention that evidence of Worthy's

2

disregard for the conditions of his stepbrother's community supervision and lack of care for the complainant by leaving her unsupervised at the home or apartment of his stepbrother, a registered sex offender, was relevant to the issue of whether he would follow the conditions of his own community supervision, should the jury determine that he should be placed on community supervision, and relevant to show the context in which he committed the offense in order for the jury to properly assess punishment.

Tex. R. Evid. 403 provides that evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. When the State initially sought to introduce evidence that Worthy's stepbrother was a registered sex offender, Worthy's counsel objected that the testimony would be inappropriate, irrelevant, and prejudicial. He further indicated that the testimony was so prejudicial and inflammatory that it would have absolutely no probative effect on the jury except to inflame its passions and to make some inappropriate suggestions. The trial court sustained the objection on the basis that the probative value of the testimony was outweighed by its prejudicial nature. The trial court instructed the jury at that time to disregard any testimony offered concerning the alleged criminal record of Worthy's brother.

When the State later sought to introduce evidence that Worthy's stepbrother was a registered sex offender, counsel for Worthy again raised the issue of relevance. In the context of his discussion of the issue, Worthy's counsel argued that the State "can't suggest anything else that it provides any probative information before the jury. It's only prejudicial. And I suggest it's only offered for its prejudicial effect and should not be permitted before the jury." In his objection and argument, counsel made no specific reference to Rule 403 and did not succinctly state that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. We believe, however, that his statements were sufficient to bring before the trial court the issue of whether the probative value of the testimony was substantially outweighed by the danger of unfair prejudice. The State makes no argument to the contrary.

Either a trial court or a reviewing court, when undertaking a proper Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main

3

issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). As previously noted, Worthy acknowledged that one of the conditions of his stepbrother's community supervision was that he was not allowed to have children under seventeen at his house unsupervised and that he knew when he took the complainant to his stepbrother's house it was a violation of his stepbrother's community supervision.

The jury could reasonably determine from this evidence that Worthy had little regard for his stepbrother's conditions of community supervision and little regard for the safety of the complainant if, as Worthy's testimony implied, he had left her unsupervised at his stepbrother's place of residence. We find the evidence to be highly probative of that fact. We know of no other way for the State to show that Worthy had little regard for conditions of community supervision for sex offenders and to show the danger he put the complainant in by having her unsupervised at his stepbrother's place of residence other than to show that his stepbrother was a registered sex offender. Although the introduction of the evidence that Worthy's stepbrother was a registered sex offender might have had the potential to distract the jury from the main issue or cause it to be given undue weight, little time was consumed in presenting evidence that Worthy's stepbrother was a registered sex offender, and the evidence was not repetitive. Having considered all of these factors, we conclude that the probative value of the evidence that Worthy's brother was a registered sex offender is not substantially outweighed by the danger of unfair prejudice.

Worthy argues that there is no evidence that he ever left the complainant unsupervised at his stepbrother's place of residence, ignoring his own testimony that, when he brought her to his stepbrother's place of residence, it violated the conditions of community supervision that did not allow an unsupervised child under seventeen to be present there. Worthy contends that this evidence did not relate to what punishment would be appropriate, but we conclude that his disregard of his stepbrother's conditions of community supervision and his placing the complainant in danger by leaving her at his stepbrother's residence unsupervised were relevant and highly probative with respect to the jury's determination of punishment. We overrule Points One and Two.

4

Worthy insists in Point Three that the trial court erred in admitting evidence that his stepbrother was a registered sex offender because the State failed to give notice of its intent to offer such evidence as required by the trial court's standing pretrial order. Under the trial court's order, the district attorney was to give reasonable notice of several things, including "any other evidence of an extraneous offense, crime or bad act shown to have been committed by the defendant." The evidence that Worthy, in committing the offense for which he was charged, violated the conditions of his stepbrother's community supervision that an unsupervised child under seventeen not be at his place of residence – showing his disregard for conditions of community supervision and placing the complainant in jeopardy – is part of the context of the crime for which he was being tried and is not an extraneous bad act. Consequently, the State's introduction of this evidence was not in violation of the trial court's order, which only related to extraneous bad acts. As the State notes, the trial court appears to have been under the impression that the evidence was not contextual and was subject to the notice requirement and that adequate notice had been given. Because the evidence related to the context of the offense for which he was charged and not conduct that was extraneous to his commission of that offense, we conclude that the trial court was in error in its reasoning. We reject the assumption in Worthy's arguments that this evidence consists of extraneous bad acts. We overrule Point Three.

In Points Four and Five, Worthy contends that his attorney rendered ineffective assistance of counsel by failing to object to a misstatement of law made by the trial court and by failing to request an instruction in the jury charge to correct the trial court's misstatement of the law regarding concurrent versus consecutive sentencing in his case. In order to prevail on his claim of ineffective assistance of counsel, an appellant must first show that his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bone v. State*, 77 S.W.3d 828, 832 (Tex. Crim. App. 2002). An appellant must prove, by a preponderance of the evidence, that his counsel's representation fell below the objective standard of professional norms. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Second, an appellant must show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is one sufficient to undermine confidence in the outcome. *Id*.

Our review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone*, 77 S.W.3d at 832. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Id*. Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id*.

When Worthy was admonished before the jury, the trial court instructed him that, given the fact that the two counts with which he was charged were part of the same indictment, in the event of his conviction, his punishment "would run concurrent and not consecutive." Worthy presented no objection. Later, in the charge conference, the trial court acknowledged that perhaps the sentences could be stacked and that this could pose a problem. The trial court afforded counsel the opportunity to address that in the charge, but neither the State nor Worthy requested any amendment to the charge to address that issue. The trial court ordered that the sentences be served concurrently.

Given the fact that our record does not reflect the reason for trial counsel's failure to object to the trial court's misstatement of the law and the failure to correct it in the charge, we decline to find that Worthy was afforded ineffective assistance at trial. Citing *Andrews v. State*, 159 S.W.3d 98, 102-03 (Tex. Crim. App. 2005), Worthy suggests that we are required to find his trial counsel ineffective because there could have been no trial strategy for failing to correct the trial court's misstatement. We find that *Andrews* is distinguishable. In *Andrews*, the court held that, where the State had filed a motion for the trial court to stack Andrews's sentences, defense counsel could have had no sound strategy for failing to object to the State's representation to the jury that his sentences could not be stacked. *Id.* at 103. The court concluded that, in view of the lack of any sound trial strategy and in view of the fact that the trial court stacked Andrews's sentences, the judgment should be reversed, and the cause remanded for a new hearing on punishment. *Id.* In the case at bar, there is no indication that the State was seeking to stack the sentences, and the trial court did not stack the sentences. Worthy's trial counsel could have reasonably believed that, if the jury did not award Worthy community supervision as he sought, the trial court would seek to avoid reversal by not stacking his sentences and that, whether the trial court did or did not stack the sentences, there was

6

a reasonable possibility that Worthy could receive a new trial based upon the decision in *Andrews*. Counsel could reasonably have believed that under the decision in *Andrews* he would not have to ever give his reason for his failure to object. We overrule Points Four and Five.

Worthy urges in Points Six and Seven that the trial court abused its discretion when it admitted testimony by the investigating detective that he had engaged in a "grooming" process and thereby caused the complainant to engage in sexual relations because the testimony was not admissible under either Rule 701 or Rule 702. After the investigating detective testified that Worthy had worked at his relationship with the complainant in a process called grooming, Worthy testified that he agreed that he was grooming the complainant. We hold that, even if the trial court abused its discretion in admitting this evidence, the admission of the evidence did not affect Worthy's substantial rights in view of his acknowledgment that he was grooming the complainant. We overrule Points Six and Seven.

Worthy contends in Point Eight that the trial court violated Article 26.13(b) by continuing to rely on his guilty plea that no longer appeared free and voluntary, rather than granting his request for a mistrial. Article 26.13(b) provides that no plea of guilty or nolo contendere shall be accepted by the trial court unless it appears that the defendant is mentally competent and the plea is free and voluntary. Upon Worthy's testimony that his plea of guilty was free and voluntary and upon his counsel's representation that he had not observed anything that would lead him to believe that Worthy was incompetent or insane, the trial court accepted his plea of guilty. However, prior to accepting that plea, the trial court stated:

> Now, the two counts being part of the same indictment, if you are found guilty of each of these, as is likely with a plea of guilty, then, the punishment would run concurrent and not consecutive. That is, it wouldn't be stacked on top of each other, but would be running side by side if you're found guilty of each count.

As previously noted, Worthy made no objection to this statement by the trial court.

At the conclusion of testimony, during the formal charge conference, the trial court noted its error in misstating the law but offered to give the parties the opportunity to address that problem in the charge if they had any concern about it. Worthy's counsel objected to the improper admonishment at that time, asserting that it had rendered his client's plea involuntary. Instead of seeking any instruction to disregard the trial court's comments and instead of seeking to withdraw

7

his plea of guilty, Worthy requested a mistrial. The trial court denied both counsel's objection and his request for a mistrial. It has been held that, when a matter presented in a jury trial upon a guilty plea calls that guilty plea into question, the defendant has the right to change the plea, but the trial court has no duty to change the plea on the court's own motion. *Mendez v. State*, 138 S.W.3d 334, 336 (Tex. Crim. App. 2004). We hold that, if the trial court's erroneous admonition rendered Worthy's guilty plea involuntary, as he urges on appeal, he had the right to change his plea but that the trial court had no duty to do so on its own motion. Worthy waived his objection to the trial court continuing to rely upon his guilty plea by not withdrawing his plea and by not objecting to the trial court's failure to withdraw his plea on its own motion. *See id.* at 339. We overrule Point Eight.

The judgment is affirmed.


JOHN G. HILL

JUSTICE


May 28, 2009

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.