NO. 07-08-0223-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 29, 2009
_____

JULIAN J. GUERRERO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-410,180; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

The case before us involves the effect that the absence of an affirmative deadly weapon finding in the judgment has upon a conviction for an offense wherein the use of a deadly weapon is an element of the offense. According to appellant, Julian J. Guerrero, that circumstance rendered void the punishment assessed upon his being found guilty of aggravated assault. We overrule the contention.

The State alleged, via its indictment, that appellant "did then and there intentionally and knowingly threaten Frances Cervantez with imminent bodily injury and did then and there use a deadly weapon, to wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury." Appellant opted to plead guilty to the charge in effort to have the adjudication of his guilt deferred and receive community supervision. This desire also resulted in his execution of a written judicial confession wherein he stated that he understood the allegations in the indictment and "confess[ed] that they [were] true." Thereafter, the trial court deferred his adjudication of guilt and found in its order that appellant "in open court, in person, pleaded guilty to the charge contained in the indictment" and that the evidence "substantiates the [appellant's] guilt of the offense of **Aggravated Assault**, a 2nd degree felony . . . ." (Emphasis in original).

Eventually, appellant became the subject of a motion to have his guilt adjudicated. The trial court convened a hearing, received evidence and argument, and adjudicated appellant "guilty of the offense of aggravated assault, a second degree felony . . . ." When it came time to levy sentence, it said the following:

> . . . sentencing is probably the most difficult thing any Judge does. And in your case, it's particularly difficult . . . . I gave you an opportunity to show all of us that you were different now, that you did understand the gravity of the situation, that you did understand the possible consequences . . . and you didn't do too good. I totally don't understand. That's just hard for me to fathom that someone facing 20 years in the penitentiary would continue to use drugs . . . [w]hen I'm faced with this decision, I try to figure out in my mind who I'm dealing with. Am I dealing with a criminal who has a drug problem or . . . an addict who is committing crimes for feeding the habit or whatever? And in your case, I think you're a criminal. Based on everything that I've heard, I think you're a criminal. I don't think you are a drug addict who is committing crimes just because you have a drug problem. *I heard no evidence that this case was in any way drug-related, that you threatened someone with a knife, a deadly weapon.* So I'm left with the decision that you're a criminal; and therefore, you need to be punished as a criminal . . . .

2

(Emphasis added). Thereafter, appellant received a ten-year sentence. The ensuing judgment executed by the trial court reiterated the offense for which appellant was convicted as "Aggravated Assault," a "2nd Degree Felony." However, in the space labeled "Findings on Deadly Weapon," there appeared the letters "NA," which we interpret to mean "not applicable." The latter notation coupled with the passage we italicized above serve as the basis for appellant's argument. According to him, they indicate that the trial court did not find that he used a deadly weapon. Thus, he could be guilty of only "misdemeanor assault by threat." We disagree.

Omitting to expressly find in the judgment that a deadly weapon was used or exhibited during the crime's commission does not necessarily mean that appellant was not found guilty of the charge as asserted in the indictment. Indeed, we know of no cases requiring the written judgment to affirmatively state that a deadly weapon was used before one can be lawfully convicted of an offense wherein the use of a deadly weapon constituted an element of the crime. One's guilt for a crime requiring the use or exhibition of a deadly weapon is not nullified simply because a deadly weapon finding was left out of the judgment. Indeed, the court in *De Leon v. State,* 865 S.W.2d 139 (Tex. App.–Corpus Christi 1993, no pet.) held as much. There, De Leon was charged and convicted of aggravated assault with a deadly weapon. Furthermore, the deadly weapon in question was allegedly a knife capable of causing serious injury. After finding appellant guilty "as charged in the indictment," the trial court entered no affirmative finding on its written judgment indicating that a deadly weapon was used or exhibited. *Id.* at 141. So, like the appellant here, De Leon also argued that he could not be guilty for aggravated assault. The appellate panel disagreed. In determining whether appellant was guilty of aggravated

3

assault, the trial court "impliedly" found that a deadly weapon was used or exhibited, according to the panel. *Id.* Consequently, omitting the finding from the judgment did not negate his guilt for aggravated assault. *Id.*

Though the trial court at bar did not state that it found appellant guilty "as charged in the indictment," it nonetheless found appellant guilty of "aggravated assault," a "2nd Degree Felony" and said so. Prior to that and when deferring the adjudication of appellant's guilt, it also had found not only that appellant pled guilty "to the charge contained in the indictment" but also that the evidence "substantiate[d] the [appellant's] guilt of the offense of **Aggravated Assault**, a 2nd degree felony." (Emphasis in original). And, again, the indictment at bar referred to the use or exhibition of a deadly weapon. So too did the trial judge sign the waiver and confession form which was attached to a copy of the indictment and wherein appellant said he understood "the foregoing allegations" and "confess[ed]" that they were "true." Thus, by the time the trial court held appellant guilty of "aggravated assault," it had accepted appellant's plea and confession to aggravated assault as that crime was described in the indictment.

More importantly, we note that there were and are only two ways to commit aggravated assault. One involves the commission of an assault that caused serious bodily injury, TEX. PENAL CODE ANN. §22.02(a)(1) (Vernon Supp. 2009), while the other requires the use or exhibition of a deadly weapon while committing assault. *Id.* §22.02(a)(2). The indictment at bar said nothing about an assault that caused serious bodily injury but rather described an assault coupled with the use and exhibition of a deadly weapon. So, there was only one way that the trial court could have intended to convict appellant of

4

"aggravated assault" based upon his confession and guilty plea and that was if it impliedly found that he used or exhibited a deadly weapon while assaulting Frances Cervantez.[1]

In short, finding that appellant used or exhibited a deadly weapon for purposes of establishing his guilt for aggravated assault was and is implicit in the trial court's oral pronouncement. And, the omission of a like finding from the written judgment did not affect appellant's conviction for that crime. *See De Leon v. State, supra*. Thus, sentencing appellant for aggravated assault, as opposed to simple assault, was not a void act.

As for the State's request to modify the judgment to affirmatively reflect that the crime involved a deadly weapon, we say the following. The purpose of the deadly weapon finding is to assist in calculating a prisoner's parole eligibility date. *Kinkaid v. State,* 184 S.W.3d 929, 930 (Tex. App.–Waco 2006, no pet.). Yet, such a finding would prevent a trial court from opting to defer the adjudication of guilt, *id.; Sampson v. State,* 983 S.W.2d 842, 843 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd), or otherwise grant community supervision. TEX. CODE CRIM. PROC. ANN. 42.12, §3g(a)(2) (Vernon Supp. 2009). It is also clear that where the trial court is the trier of fact, it has the discretion to withhold entry of a deadly weapon finding from its judgment. *Johnson v. State,* 233 S.W.3d 420, 425 (Tex. App.–Fort Worth 2007, pet. ref'd); *Dickson v. State,* 988 S.W.2d 261, 263 (Tex. App.–

---

[1]Incidentally, we do not read the trial court's reference about no evidence of the crime being drug related or "that you threatened someone with a knife" to necessarily mean it thought no deadly weapon was used. Read in context, the trial court was attempting to determine how to treat appellant. Was he a drug addict engaging in criminal activity to obtain drugs or simply a criminal that also had a drug problem? Clearly, the punishment to levy could be affected by the court's perception of appellant. Ultimately, it viewed appellant as a criminal because it "heard no evidence that [the assault] was in any way drug-related" and because what it did hear was "that you [appellant] threatened someone with a knife, a deadly weapon." In other words, the trial court was attempting to explain what it heard, *i.e.* it heard nothing about drugs but rather that appellant was using a deadly weapon to threaten others. This seems the more reasonable interpretation of the passage given appellant's confession to assaulting Cervantez with a deadly weapon and the trial court's recognition that he plead guilty to the crime "as charged in the indictment."

5

Texarkana 1998, pet. ref'd). This is of import because the trial court at bar initially deferred the adjudication of appellant's guilt. So too did it initially place him on community supervision. From this, one could reasonably deduce that it initially intended to withhold entry of an affirmative finding relating to the use of a deadly weapon. And, it had the discretion to retain such intent while assessing punishment after adjudicating him guilty of the crime. So, the trial court's inscribing "NA" in the judgment under the label "Findings on Deadly Weapon" may not have been a mere clerical error, as suggested by the State. It may well have been the exercise of legitimate judicial discretion, which, in turn, prevents us from modifying the document to include a deadly weapon finding. *See Johnson v. State,* 233 S.W.3d at 428 (stating that the finding of "NONE" regarding the affirmative deadly weapon finding was an express statement that no such finding was made within the trial court's discretion and judicial reasoning).

 Accordingly, we affirm the judgment as written.

       Brian Quinn
       Chief Justice

Publish.