**Christopher Dante LOUD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00332–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 7, 2010.

Rehearing Overruled Jan. 6, 2011.

---

Joseph L. Sheppard, Burleson, Richard Alley, Fort Worth, for appellant.

Christopher Dante Loud, Bonham, pro se.

Dan V. Dent, Hillsboro, for appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

Appellant, Christopher Dante Loud, appeals from the trial court's judgment nunc

pro tunc convicting him of aggravated assault with a deadly weapon and affirmatively finding a deadly weapon was used during the offense. Because we conclude that the trial court corrected judicial errors and omissions by making the changes at issue, we vacate the judgment nunc pro tunc, and reinstate and affirm the original judgment and sentence.[1]

## I. Background

In 2006, appellant was indicted for the offense of aggravated assault with a deadly weapon. However, the caption on the indictment reflects that the charged offense was "aggravated assault—bodily injury." Under the terms of a plea agreement, he pleaded no contest, and was placed on deferred-adjudication community supervision. At the plea hearing, held on July 3, 2006, the trial court orally admonished appellant that he was pleading guilty to the offense of aggravated assault—serious bodily injury. Appellant waived the reading of the indictment. The trial court affirmed that appellant stipulated to the allegations contained in the charging instrument. Additionally, appellant's written stipulation of evidence provides: "At the trial of this cause the State could and would produce witnesses who would testify and establish, beyond a reasonable doubt, the truth of all of the material allegations in the indictment...." The written admonishments signed by appellant and the trial court list the offense as "Aggravated Assault w/Serious Bodily Injury." Both the admonishments and the stipulation of evidence were signed at the plea hearing. The order of deferred adjudication indicates appellant was charged with aggravated assault—bodily injury, with the statute for the offense listed as Texas Penal

1. Appellant has not challenged the original judgment and sentence.

Code Section 22.02(a)(1).[2] The order imposing conditions of community supervision similarly lists the offense for which appellant was placed on community supervision as "aggravated assault—bodily injury."

In December 2006, the State filed an application to proceed to adjudication, listing the offense to which appellant entered a plea as "aggravated assault—bodily injury." Appellant entered into another plea agreement with the State and continued on community supervision for a longer term, with some additional restrictions and increased fees. In its order on the State's application, the trial court stated:

> HERETOFORE, on the 3rd day of July 2006, as reflected by a prior order of this Court, this case was tried and Christopher Dante Loud, hereinafter called defendant, entered a plea of Nolo Contendere to the offense of *Aggravated Assault–Bodily Injury*. The Court after hearing the evidence introduced thereunder accepted the plea of Nolo Contendere, deferred further proceeding without entering an adjudication of guilt and placed the defendant on probation for a term of six (6) years and cost of Court. Thereafter, the State filed a motion in which it alleged that the defendant has violated the terms of probation, moving the Court to proceed to an adjudication of guilt, the assessment of punishment and all other actions necessary in this cause, a copy of which motion was served upon the defendant, and on the 16th day of January 2007, came on to be heard the Motion heretofore filed by the State, and the defendant appeared in person with counsel and the State appeared through her Assistant District Attorney and after proper admonish-

ment the defendant entered a plea of true to violation 3, 8 and 10 of the allegations contained in the Motion filed by the State alleging a violation of the terms of probation.

(emphasis added).

The State filed another application to proceed to adjudication in November 2008. In this application, the State alleged:

> Christopher Dante Loud, the defendant in this cause, entered a plea of Nolo Contendere to the offense of *Aggravated Assault–Bodily Injury*, a felony, on the 3rd day of July 2006. The Court after hearing the evidence introduced thereunder and accepting the plea of Nolo Contendere, deferred further proceedings without entering an adjudication of guilt and placed the defendant on probation on reasonable terms and conditions for a period of six (6) years, and the said defendant was then and there probated to said Hill County Community Supervision and Corrections Department as aforesaid.

(emphasis added).

At the beginning of the hearing on the State's application, held on February 11, 2009, the trial court confirmed that appellant was "the same person that entered a plea of no contest to a charge of aggravated bodily assault—or aggravated assault bodily injury back on July the 3rd, 2006." The trial court found the State's allegations that appellant violated the terms of his community supervision true and found appellant guilty of the "offense alleged in the indictment." After a punishment hearing, the trial court sentenced appellant to 15 years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. The judg-

---

**2.** This statute provides that a person commits aggravated assault if he commits assault and causes serious bodily injury to another. Tex. Penal Code Ann. § 22.02(a)(1) (Vernon Supp. 2009).

ment adjudicating appellant guilty listed the offense as Texas Penal Code Section 22.02(a)(1), and the trial court entered "N/A" under the deadly-weapon finding.

Later that month on February 20,[3] the State filed a motion to enter a judgment nunc pro tunc adjudicating appellant's guilt. The State alleged:

1. In a February 9, 2009 hearing on the State's Application to Proceed to Final Adjudication, the Court found the allegations in the Application to be true, found the Defendant guilty of the offense as charged in the Indictment, and after a punishment hearing, sentenced the Defendant to 15 years in prison, and a fine of $10,000.

2. The Judgment signed by the Court on February 13, 2009 contains clerical errors, including:

   a. The "Statute for Offense" is erroneously entered as § 22.02(a)(1). Defendant was indicted for and found guilty of Aggravated Assault under Tex. Penal Code § 22.02(a)(2),[4] so the entry should be corrected.

   b. The code for the "Offense for which Defendant Convicted" is incorrectly entered as 13150004. It should be the code for Aggravated Assault—Deadly Weapon—13150005.

   c. The "Findings on Deadly Weapon" is erroneously shown as N/A. The Defendant was indicted for aggravated assault by using or exhibiting a deadly weapon during the commission of the offense. He was found guilty as charged in the Indictment. The deadly weapon is an

element of the offense, so the record should be corrected to show the Court's finding.

Appellant filed "Defendant's Motion in Arrest of Judgment and Motion for New Trial" on February 27, 2009. Appellant requested a new trial, contending the judgment "is contrary to law and the evidence," and "revocation of deferred adjudication community supervision is an abuse of discretion." There is no indication in the record that the trial court considered or acted upon appellant's motion. Moreover, the State did not pursue correction of judicial, rather than, clerical, errors.

The trial court conducted a hearing on the State's motion for entry of judgment nunc pro tunc on March 9, 2009. The reporter's record does not reflect any indication that the trial judge independently recalled that he made a deadly-weapon finding during the hearing on final adjudication of appellant's guilt. At the conclusion of the hearing, the trial court requested additional briefing from the State and appellant regarding whether a judgment nunc pro tunc was available to correct these errors. After the parties submitted briefing, the trial court changed the order of deferred adjudication to reflect the offense as "Aggravated Assault w/Deadly Weapon," the offense statute as "22.02(a)(2) Penal Code," and the findings on deadly weapon as "Yes, Not a Firearm." The trial court further changed the caption of the indictment, the order imposing conditions of community supervision, and the criminal docket sheet to reflect the offense of "Aggravated Assault w/Deadly Weapon." Finally, the trial court entered a Nunc Pro Tunc Judgment Adjudicating

---

**3.** Appellant timely filed his notice of appeal on February 27, 2009.

**4.** This statute provides that a person commits aggravated assault if he commits assault and

uses or exhibits a deadly weapon during the commission of the assault. Tex. Penal Code Ann. § 22.02(a)(2).

Guilt reflecting these same changes and including a finding of "Yes, Not a Firearm" on the deadly weapon section of the judgment.

## II.  Analysis

In a single issue, appellant contends the trial court erred in adjudicating him guilty of aggravated assault—deadly weapon and entering an affirmative finding of a deadly weapon through a judgment nunc pro tunc.

In his brief, appellant contends: "on the one hand the original [g]uilty plea is involuntary or on the other hand the judgment should be modified to remove the deadly-weapon finding and adjudicate the Appellant Guilty of either Aggravated Assault–Bodily Injury under Texas Penal Code Section 22.02(a)(1) or Aggravated Assault Serious Bodily Injury." However, we will not consider appellant's argument that his guilty plea was involuntary because appellant did not voice this complaint in the trial court. *See Worthy v. State*, 295 S.W.3d 685, 691–92 (Tex.App.-Eastland 2009), *aff'd* 312 S.W.3d 34 (Tex.Crim.App.2010); *Salinas v. State*, 282 S.W.3d 923, 924 (Tex. App.-Fort Worth 2009, pet. ref'd). We confine our analysis and disposition to whether the trial court properly changed the judgment to reflect a deadly-weapon finding and a conviction under Texas Penal Code section 22.02(a)(2) (hereinafter "Aggravated Assault with a Deadly Weapon").

■■■  A judgment nunc pro tunc is appropriate to correct clerical errors when the court's records do not mirror the judgment actually rendered. *Collins v. State*, 240 S.W.3d 925, 928 (Tex.Crim.App.2007). However, such an order is not appropriate to correct judicial errors or omissions. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex.Crim. App.1988) (en banc). "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done." *Collins,*

240 S.W.3d at 928 (citing *Ex parte Dopps,* 723 S.W.2d 669, 671 (Tex.Crim.App.1986) (en banc) (per curiam)). The dispositive issue in this case is thus whether the changes made by the trial court resulted from judicial reasoning or were simply corrections of clerical errors. Such a determination is a matter of law. *See Poe,* 751 S.W.2d at 876.

■■  As discussed above, appellant pleaded no contest to the allegations in the indictment. The indictment, in turn, alleged aggravated assault with a deadly weapon. *See* Tex. Penal Code Ann. § 22.02(a)(2). However, appellant waived the reading of the indictment, and the trial court, both orally and in writing, admonished appellant that the offense with which he was charged was aggravated assault—serious bodily injury. *See id.* § 22.02(a)(1). There is no mention in any of the documents contained in the clerk's record—except the body of the indictment—or any discussion in any of the reporter's records of a deadly weapon until the State filed its motion for judgment nunc pro tunc. Indeed, the record makes clear that everyone, including the State and the trial court, was operating under the assumption appellant had pleaded no contest to aggravated assault—serious bodily injury. At the beginning of three separate hearings over the course of three years, the trial court verified appellant had pleaded no contest to aggravated assault—bodily injury. In fact, the trial court requested briefing at the conclusion of the hearing on the State's motion for a judgment nunc pro tunc; such a request certainly suggests the use of judicial reasoning in determining whether to correct the numerous errors apparent in this record. *Cf. Collins,* 240 S.W.3d at 928 (noting a nunc pro tunc order may only be used to correct a clerical error that was not the result of judicial reasoning).

The cases cited by the State to support its proposition that a judgment nunc pro tunc is appropriate to correct clerical errors made in a deadly-weapon finding are factually distinguishable from this case. First, in *Curry v. State*, the jury found the defendant had used or exhibited a deadly weapon; thus the trial court was required to enter the finding on the judgment. 720 S.W.2d 261, 263 (Tex.App.-Austin 1986, pet. ref'd). Here, we have no such jury finding. Next, in *Rabsatt v. State*, No. 03–06–00668–CR, 2007 WL 3390877, at *2 (Tex.App.-Austin Nov. 15, 2007, pet. struck) (mem. op., not designated for publication), the trial court orally pronounced an affirmative deadly-weapon finding. Again, the trial court made no such oral pronouncement in this case. Finally, in *Ex parte Huskins*, the trial court properly admonished the defendant prior to accepting his guilty plea to the allegations in the indictment. 176 S.W.3d 818, 820 (Tex. Crim.App.2005). Thus, the Court of Criminal Appeals concluded that the trial court was not required to orally announce a deadly-weapon finding at sentencing to include such a finding in the judgment and sentence. *Id.* at 820–21. But here, the trial court did not properly admonish the defendant regarding a deadly weapon; as explained above, the trial court instead admonished the defendant that he was pleading no contest to and being placed on deferred adjudication for aggravated assault—serious bodily injury.

Further, when the trial court is the trier-of-fact, it has discretion to withhold entry of a deadly-weapon finding from its judgment, even when such a finding is supported by the evidence. *See Guerrero v. State*, 299 S.W.3d 487, 490 (Tex.App.-Amarillo 2009, no pet.); *Johnson v. State*, 233 S.W.3d 420, 425 (Tex.App.-Fort Worth 2007, pet. denied); *Dickson v. State*, 988 S.W.2d 261, 263 (Tex.App.-Texarkana 1998, pet. ref'd); *Campos v. State*, 927 S.W.2d 232, 235 (Tex.App.-Waco 1996, no pet.). Notwithstanding the trial court's decision to grant the State's motion to enter a judgment nunc pro tunc, we must glean its original intent by reviewing the entire record. On multiple occasions, the State and the trial court (orally and in writing) denominated the charge as "aggravated assault-bodily injury." During the hearing on final adjudication of guilt, the trial court asked appellant if he was the same person charged with "aggravated assault-bodily injury." Moreover, any doubt regarding the trial court's original intent is removed by its express finding of "N/A" on the original judgment. The deadly weapon finding was within the trial court's discretion and required judicial reasoning; accordingly the "N/A" entry was not merely a clerical error. *Johnson*, 233 S.W.3d at 428. Based on this record, we cannot conclude that the trial court's inscription of "N/A" in the judgment under the topic "Findings on a Deadly Weapon" was simply a clerical error, particularly when coupled with a record that indicates the judge was operating under the assumption that appellant had pleaded no contest to aggravated assault—serious bodily injury. Again, we find no basis in this record for the State's contention that in contemplating the merits of the State's motion for entry of judgment nunc pro tunc, the trial judge independently recalled his intent to enter a deadly-weapon finding when he adjudicated appellant's guilt.

We acknowledge that on the day the trial court signed the judgment nunc pro tunc it retained plenary power over the case. We are also cognizant of authority supporting the contention that a trial court, in exercise of its plenary power, may vacate, modify or amend certain of its own rulings. *See Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex.Crim.App.1998) (determining trial court had authority to re-

scind order granting new trial). There is ample authority supporting the contention that the trial court may modify or amend the defendant's sentence while it has plenary power over a case. *See State v. Aguilera,* 165 S.W.3d 695, 697–98 (Tex. Crim.App.2005) (explaining trial courts have plenary power to modify a sentence); *Junious v. State,* 120 S.W.3d 413, 417 (Tex. App.-Houston [14th Dist.] 2003 pet. ref'd) (holding, notwithstanding erroneous grant of partial new trial pertaining to punishment, trial court properly exercised plenary power to alter sentence); *Ware v. State,* 62 S.W.3d 344, 353–55 (Tex.App.-Fort Worth 2001, pet. ref'd) (holding trial court had inherent power to correct judgment).

However, enhancement findings are made and entered during final adjudication of guilt, and we have not identified any authority supporting the contention that the trial court may alter or amend enhancement findings without granting a motion for new trial. Here, the State merely requested that the trial court correct a clerical error. Accordingly, under the unique circumstances presented in this case, we conclude the trial court acted to correct judicial errors and omissions; in fact, it appears as though the trial court changed its record to reflect what it believed should have been done, not to what actually occurred. *See Collins,* 240 S.W.3d at 928 ("The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done."). The trial court was not authorized to enter the judgment nunc pro tunc. *See Dopps,* 723 S.W.2d at 671. We sustain appellant's sole issue.

Having sustained appellant's issue, we order the judgment nunc pro tunc vacated and set aside. We further order the original judgment and sentence reinstated. We affirm the original judgment of the trial court.

FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

This court should affirm the trial court's March 13, 2009 judgment either because the trial court properly exercised its inherent power to correct or modify its prior judgment or because the trial court properly corrected clerical errors in the prior judgment.

### Background

On February 13, 2009, the trial court signed a judgment adjudicating guilt and reflecting a conviction for aggravated assault under Texas Penal Code section 22.02(a)(1) (hereinafter, "Bodily Injury Aggravated Assault"). The notation "N/A" was entered in the space for any deadly weapon finding. Appellant timely filed a motion for new trial and a motion in arrest of judgment. One week later, the State filed a motion for nunc pro tunc judgment. The trial court conducted a hearing on the State's motion on March 9, 2009. During the hearing, counsel for the State indicated that the trial court had only thirty days after the date on which judgment was rendered to correct its judgment. At the conclusion of the hearing, the trial court requested additional briefing and took the matter under advisement.

The trial court granted the State's motion on March 13, 2009, within thirty days of sentencing and rendition of the original judgment. On the same day, the trial court also edited its previous order of deferred adjudication to reflect the offense as "Aggravated Assault w/Deadly Weapon," the offense statute as "22.02(a)(2) Penal Code," and the findings on deadly weapon as "Yes, Not a Firearm." The trial court further edited the caption of the indict-

ment, the order imposing conditions of community supervision, and the criminal docket sheet to reflect the offense of "Aggravated Assault w/Deadly Weapon." Finally, the trial court rendered a "Nunc Pro Tunc Judgment Adjudicating Guilt" reflecting a conviction for aggravated assault under Texas Penal Code section 22.02(a)(2) (hereinafter, "Deadly Weapon Aggravated Assault") and including a finding of "Yes, Not a Firearm" in the space for any deadly weapon finding.

In a single issue, appellant contends the trial court erred and abused its discretion by adjudicating him guilty of Deadly Weapon Aggravated Assault and entering an affirmative deadly weapon finding in its March 13, 2009 judgment. The majority appropriately confines its analysis and disposition to the issue of whether the trial court properly changed the judgment to enter a deadly weapon finding and to reflect a conviction for Deadly Weapon Aggravated Assault.

## Trial Court's Plenary Power to Modify its Judgment

In the body of the indictment it is clearly alleged that appellant committed Deadly Weapon Aggravated Assault and that he used a deadly weapon during the commission of the offense. Appellant pleaded "no contest" to this indictment. Appellant stipulated that the State could prove these allegations beyond a reasonable doubt and that these allegations are true.

During the February 11, 2009 hearing, the trial court found that appellant violated his probation and twice pronounced that it found appellant "guilty of the offense alleged in the indictment," which was Deadly

Weapon Aggravated Assault, not Bodily Injury Aggravated Assault. The trial court did not state that it found appellant guilty of Bodily Injury Aggravated Assault. The trial court assessed punishment at fifteen years' confinement and a $10,000 fine. There is no issue before this court regarding the voluntariness of appellant's plea.[1] Appellant is not challenging the manner in which he was admonished. The focus of this appeal is the propriety of the trial court's action in changing its judgment to reflect a conviction for Deadly Weapon Aggravated Assault rather than Bodily Injury Aggravated Assault and entry of a deadly weapon finding rather than no such entry. The first change bears on the offense for which appellant was convicted, not the punishment assessed for this offense. The second change bears on whether the trial court entered a deadly weapon finding, which is an administrative matter that is not part of the guilt/innocence determination or part of the sentence. *See Ex parte Huskins*, 176 S.W.3d 818, 820–21 (Tex.Crim.App.2005) (holding that a deadly weapon finding is not part of the sentence or punishment and that, even though it may affect how the sentence is served, a trial court is not required to orally announce a deadly weapon finding at sentencing).

The Texas Court of Criminal Appeals has indicated that (1) "a court has inherent power to correct, modify, vacate, or amend its own rulings" and (2) "a trial court has plenary jurisdiction over a case for at least the first thirty days after sentencing." *State v. Aguilera*, 165 S.W.3d 695, 698 n. 7 (Tex.Crim.App.2005) (quoting *Awadelkariem v. State*, 974 S.W.2d 721, 728–29 (Tex.

---

1. Though appellant argues in passing in his brief that the original "guilty" plea was involuntary, the majority correctly declines to consider this argument because appellant did not voice this complaint in the trial court. *See*

*Worthy v. State*, 295 S.W.3d 685, 691–92 (Tex. App.-Eastland 2009), *aff'd*, 312 S.W.3d 34 (Tex.Crim.App.2010); *Salinas v. State*, 282 S.W.3d 923, 924 (Tex.App.Fort Worth 2009, pet. ref'd).

Crim.App.1998) (Meyers, J., concurring) and *McClinton v. State*, 121 S.W.3d 768, 769, n. 1 (Tex.Crim.App.2003) (Cochran, J., concurring)). In *Junious v. State*, the trial court initially sentenced appellant to twenty-five years' confinement and then later, within thirty days of sentencing, purported to grant appellant's motion for new trial "as to punishment only" and to sentence appellant to ten years' confinement. *See* 120 S.W.3d 413, 415–16 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). On appeal in *Junious*, this court held that the trial court's purported granting of a new trial as to punishment only was void and therefore a nullity. *See id.* Unable to uphold the trial court's action based on the *Junious* appellant's motion for new trial, this court held that the trial court modified the *Junious* appellant's punishment while it still had plenary jurisdiction and that the trial court was authorized to do so based on its inherent power to vacate, modify, or amend its own rulings within the time of its plenary jurisdiction. *See id.* at 416–17. The Texas Court of Criminal Appeals later cited *Junious* with approval and indicated that *Junious* was correctly decided. *See Aguilera*, 165 S.W.3d at 698 n. 7.

In *Ware v. State*, the defendant was convicted of two offenses, the second of which had a maximum sentence of twenty years' confinement. *See* 62 S.W.3d 344, 353 (Tex.App.-Fort Worth 2001, pet. ref'd). In its oral pronouncement of sentence, the trial court stated that defendant was sentenced to seventy-five years' confinement, without specifying the offense or offenses to which this punishment pertained. *See id.* After the defendant appealed and moved for a new trial, pointing out the maximum punishment for the second offense, the trial court held a hearing within thirty days of sentencing. *See id.* At this hearing, the trial court stated that it was granting a judgment nunc pro tunc, in which it was sentencing the defendant to seventy-five years' confinement for the first offense and ten years' confinement for the second offense, with the sentences to run concurrently. *See id.* The next day, the trial court signed a nunc pro tunc judgment consistent with its statements the day before. *See id.*

On appeal, the Second Court of Appeals held that the pendency of the *Ware* appellant's appeal did not prevent the trial court from modifying its judgment because the appellate record had not yet been filed in the Second Court of Appeals when the trial court modified its judgment. *See id.* at 353–54. The *Ware* court then concluded that the trial court's modification could not be characterized as granting a motion for new trial or a motion in arrest of judgment. *See id.* The *Ware* court also decided that the trial court's modification could not be upheld as a judgment nunc pro tunc. *See id.* at 354–55. Instead, the *Ware* court held that, because the trial court acted during its plenary jurisdiction over the case, the trial court had the inherent power to correct, vacate, modify, or amend its judgment and that it was proper for the trial court to correct its judgment in the way that it did. *See id.* Both the Texas Court of Criminal Appeals and this court have cited *Ware* with approval and indicated that *Ware* was correctly decided. *See Aguilera*, 165 S.W.3d at 698 n. 7; *Junious*, 120 S.W.3d at 417.

In the case under review, the trial court signed its March 13, 2009 judgment within thirty days of sentencing, while it still had plenary jurisdiction over the case. *See Aguilera*, 165 S.W.3d at 697–99; *Junious*, 120 S.W.3d at 417. When the trial court modified its judgment, appellant's motion for new trial and motion in arrest of judgment were still pending before the trial

court.[2] *See Ware*, 62 S.W.3d at 355, n. 5. Though appellant already had filed his appeal when the trial court signed its modified judgment, the appellate record had not yet been filed. *See id.* at 353–54. On February 11, 2009, the trial court found appellant guilty of Deadly Weapon Aggravated Assault, as charged in the indictment, which constitutes an affirmative deadly weapon finding. The trial court modified the original judgment to accurately reflect that the trial court had found appellant guilty of Deadly Weapon Aggravated Assault and to enter a deadly weapon finding in the judgment. Presuming for the sake of argument that the trial court's March 13, 2009 judgment was not proper as a nunc pro tunc judgment, this judgment was still a proper exercise of the trial court's inherent power to correct or modify its judgment while the trial court had plenary jurisdiction over the case.[3] *See Aguilera*, 165 S.W.3d at 697–99; *Junious*, 120 S.W.3d at 417; *Ware*, 62 S.W.3d at 353–55.

## Propriety of Nunc Pro Tunc Judgment

A judgment nunc pro tunc is appropriate to correct clerical errors when the court's records do not reflect the judgment actually rendered. *See Ex parte Poe*, 751 S.W.2d 873, 876 (Tex.Crim.App.1988). A nunc pro tunc order is not appropriate to correct judicial errors. *See id.* Therefore,

to determine if the March 11, 2009 judgment is proper as a judgment nunc pro tunc, this court must determine whether the actual judgment rendered was a conviction for Deadly Weapon Aggravated Assault with entry of a deadly weapon finding.

The indictment put appellant on notice that he was charged with the offense of Deadly Weapon Aggravated Assault and that he was alleged to have used a deadly weapon during the commission of the offense. During the February 11, 2009 hearing, the trial court found appellant "guilty of the offense alleged in the indictment," which was Deadly Weapon Aggravated Assault, not Bodily Injury Aggravated Assault. The trial court did not find appellant guilty of any offense other than Deadly Weapon Aggravated Assault. Therefore, the record reflects that, though the trial court found appellant guilty of Deadly Weapon Aggravated Assault, the original judgment contained a clerical error reflecting a conviction for Bodily Injury Aggravated Assault.

For the deadly weapon finding, there are two procedural steps: (1) the affirmative finding by the trier of fact that a deadly weapon was used or exhibited during the commission of a felony offense or during the immediate flight therefrom, and that the defendant used or exhibited the

---

2. The majority suggests that in its motion the State sought only correction of clerical errors and that therefore the trial court had no inherent power to modify its prior judgment. First, the State's motion can be construed as a request that the trial court modify its judgment to reflect a conviction for Deadly Weapon Aggravated Assault and entry of a deadly weapon. *See Ware*, 62 S.W.3d at 353–55 (affirming trial court's judgment nunc pro tunc based on trial court's inherent power to modify judgment during trial court's plenary jurisdiction). Second, the cases do not support the proposition that the State was required to ask for correction of judicial errors in a mo-

tion for the trial court in the case under review to have inherent power to modify its judgment. *See Aguilera*, 165 S.W.3d at 697–99; *Junious*, 120 S.W.3d at 417.

3. Whatever issues there may be regarding a trial court's exercise of its inherent power to re-sentence a defendant after he has started serving his sentence, those issues are not presented in this appeal because the trial court did not change appellant's sentence. *See Ex parte Huskins*, 176 S.W.3d at 820–21 (holding that a deadly weapon finding is not part of the sentence).

deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited, and (2) entry by the trial court of that finding in the trial court's judgment. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2) (West Supp.2010). Regarding the first step, because the trial court granted deferred adjudication, there was no reason for the trial court to make a deadly weapon finding until February 11, 2009, when the trial court adjudicated appellant's guilt and pronounced the sentence. Appellant contends the trial judge first made the deadly weapon finding when he rendered the judgment nunc pro tunc. This is not correct. The use of a deadly weapon was alleged in the indictment as an element of the offense and, as fact finder, the trial court found appellant guilty as charged in the indictment. Consequently, the trial court made an affirmative deadly weapon finding during the February 11, 2009 hearing.[4] *See Lafleur v. State,* 106 S.W.3d 91, 95 & n. 23 (Tex.Crim.App.2003) (stating that the trier of fact's finding that defendant is guilty as alleged in the indictment constitutes a deadly weapon finding if the indictment itself alleges that the defendant used a deadly weapon during the commission of the offense); *Ex parte Empey,* 757 S.W.2d 771, 774 (Tex.Crim.App.1988). Regarding the second step in which the trial court enters the deadly weapon finding, the Texas Legislature has stated that, upon an affirmative deadly weapon finding, "the trial court shall enter the finding in the judgment of the court." TEX.CODE CRIM. PROC. ANN. art 42.12 § 3g(a)(2). The Texas

Court of Criminal Appeals has stated that the Texas Legislature wrote this statute so that a deadly weapon finding would be entered in the judgment when the trier of fact found that a deadly weapon was used in the commission of an offense, and thus the Department of Corrections would know how to compute the defendant's time for parole purposes. *See Lafleur,* 106 S.W.3d at 94. Consistent with the mandatory language used in this statute, when a jury finds a defendant guilty of a felony offense and use of a deadly weapon is alleged as an element of the offense, the trial court has a ministerial duty to enter a deadly weapon finding in the judgment. *See Ex parte Poe,* 751 S.W.2d at 876. A failure by the trial court to comply with this mandatory duty is a clerical error that can be corrected by a judgment nunc pro tunc. *See id.* at 875–77.

Even though the statute in question makes no distinction between bench trials and jury trials, the Texas Court of Criminal Appeals has held that, if the trial court is the fact finder, then the statute is construed differently. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 3g(a)(2); *Hooks v. State,* 860 S.W.2d 110, 112–14 (Tex.Crim. App.1993). If it is alleged in the indictment that the defendant used or exhibited a deadly weapon during the commission of a felony offense and if the trial court finds the defendant guilty as charged in the indictment, even though the trial court has made a deadly weapon finding, according to the *Hooks* court, the trial court has discretion to not enter a deadly weapon

---

**4.** Appellant relies upon *Fanniel v. State,* and argues that the trial court in the case under review was precluded from entering a deadly weapon finding in a judgment nunc pro tunc because the trial court did not originally make a deadly weapon finding when the defendant's guilt was adjudicated. *See* 73 S.W.3d 557 (Tex.App.-Houston [1st Dist.] 2002, no pet.). In *Fanniel,* the record reflected that

the trial court found defendant guilty only of possession of a controlled substance, was unaware of the enhancement paragraph alleging the use of a deadly weapon, and did not intend to make a deadly weapon finding when it found the defendant guilty of possession of a controlled substance. *See id.* at 558–59. Therefore, the *Fanniel* case is not on point.

finding in its judgment. *See Hooks*, 860 S.W.2d at 112–14. The *Hooks* case has not been overruled and is binding on this court. Therefore, the trial court's judgment nunc pro tunc was proper as to the deadly weapon finding only if the trial court intended to enter a deadly weapon finding when it signed the February 13, 2009 judgment, which contained "N/A" in the space for "Findings on Deadly Weapon."

Nothing in the record reflects that the trial court exercised its discretion to not enter the deadly weapon finding in its February 13, 2009 judgment. The trial judge knew whether he intended to enter a deadly weapon finding in this judgment. Because the trial court rendered a judgment nunc pro tunc, the trial judge impliedly found that he intended to enter a deadly weapon finding in this judgment but that, through a clerical error, no such entry was made. Furthermore, the trial court was not required to orally pronounce a deadly weapon finding at sentencing. *See Ex parte Huskins*, 176 S.W.3d 818, 821 (Tex.Crim.App.2005).

On this record, this court should conclude that no error has been shown in the trial court's rendition of a judgment nunc pro tunc reflecting a conviction for Deadly Weapon Aggravated Assault and entry of a deadly weapon finding.

## Conclusion

This court should affirm the trial court's March 13, 2009 judgment because (1) this judgment was a proper exercise of the trial court's inherent power to correct or modify its judgment while the trial court still had plenary jurisdiction over the case, or (2) this judgment was a proper judgment nunc pro tunc, correcting clerical errors that resulted in the February 13, 2009 judgment not reflecting the judgment that actually had been rendered. Because the court does not do so, I respectfully dissent.