# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD LONGORIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-251-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Edward Longoria pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), and the district court sentenced him to 30 months of imprisonment. Longoria challenges the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for using a firearm in connection with another felony offense, specifically aggravated assault. He contends that the district court misunderstood the Texas aggravated assault statute when it considered

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10394

whether the victims actually feared injury rather than his intent to communicate a threat of injury. Emphasizing the lack of evidence suggesting that he pointed the gun at or in the direction of the victims and citing the absence of a motive, Longoria asserts that he did not intend to cause bodily injury by firing the gun.

We review a district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Stanford*, 823 F.3d 814, 843 (5th Cir.), *cert. denied*, 137 S. Ct. 453 (2016). A finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

There is no requirement that a perpetrator point a weapon directly at a victim in order to be guilty of Texas aggravated assault. TEX. PENAL CODE §§ 22.01, 22.02; *De Leon v. State*, 865 S.W.2d 139, 142 (Tex. App. 1993). Longoria's argument that the focus should have been on his intent solely rather than the victims' fear is unavailing. *See De Leon*, 865 S.W.2d at 142. The evidence supports the conclusion that Longoria's conduct in pointing the gun in the direction of the victims and firing it exhibited an intent to threaten bodily injury. *See id*. Because the record plausibly supported a finding that Longoria used a firearm in connection with the felony offense of aggravated assault, there was no clear error stemming from the district court's application of the § 2K2.1(b)(6)(B) enhancement. *See Coleman*, 609 F.3d at 708.

AFFIRMED.