# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2023

Lyle W. Cayce
Clerk

No. 21-11238

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS RICARDO MARTINEZ, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-157-1

Before STEWART, WILLETT, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Luis Ricardo Martinez, Jr., pled guilty to possession of a firearm by a convicted felon. After applying a four-level enhancement, the district court sentenced Martinez to 37 months' imprisonment to be followed by a three-year term of supervised release. Because the record supports the district court's application of the enhancement, we AFFIRM.

## I. FACTUAL & PROCEDURAL BACKGROUND

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-11238

On January 23, 2021, a woman standing outside with her children at an apartment complex noticed Martinez and his girlfriend, Gabrielle Kough, arguing in the parking lot of a neighboring property. She observed that Martinez was holding a shotgun and heard him threatening to shoot people. She then heard Martinez tell Kough to "call the police so he could shoot them as well." Alarmed by Martinez's behavior and statements, the woman called 911 and reported the incident to the police.

When officers arrived, Kough reported that Martinez had woken up in a "bad mood" and made statements about people chasing him. She explained that Martinez suffered from bipolar disorder and schizophrenia and prior to that day, he had been having "mental episodes." She stated that Martinez went to the store but returned more agitated, claiming that people were coming after him and he needed to use her car to leave. She tried to prevent Martinez from leaving the apartment but was unsuccessful. Kough confirmed that once outside in the parking lot, Martinez retrieved a shotgun from her car, pointed it at the ground, and continued to shout and argue with her. Unable to calm Martinez, Kough retreated to her apartment.

Martinez sped off in Kough's car just before officers arrived at the scene, so they pursued him. Officers observed Martinez attempt to enter another vehicle at a red light before jumping back into Kough's car, and then saw him lose control of the vehicle and crash. Because law enforcement had been notified by dispatch that Martinez had a weapon, one of the officers approached the crashed vehicle with his weapon drawn and gave verbal commands for Martinez to show his hands and step out of the car. The officer then saw Martinez begin to make furtive movements inside the vehicle, reaching around the front and back seat. The officer continued to give verbal commands and Martinez ultimately complied, exited the vehicle, and was

No. 21-11238

arrested.[1] Officers subsequently conducted a search of the vehicle and a broken shotgun, loaded with one unfired shell, was located in plain view on the passenger side of the car.[2]

In July 2021, Martinez pled guilty, without the benefit of a plea agreement, to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His total offense level of 15 combined with his criminal history category of V yielded a recommended guidelines range of 37 to 46 months. The calculated guidelines range included a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because the probation officer concluded that Martinez used or possessed a firearm in connection with the felony offense of aggravated assault on grounds that he "threaten[ed] to shoot individuals, including police if they were called" while holding a firearm.

Martinez objected to the § 2K2.1(b)(6)(B) enhancement in writing and at sentencing arguing that his conduct did not rise to the level of aggravated assault. The district court overruled Martinez's objection and sentenced him to 37 months in prison to be followed by a three-year term of supervised release. The district court stated that it would have imposed the same sentence irrespective of the guidelines based upon Martinez's criminal history and risk of recidivism. It further noted that although this was a "textbook case for an upward variance or an upward departure," it did not impose one because it took "pity" on Martinez based on his counsel's

---

[1] According to the record, Martinez sustained a serious head injury as a result of the accident.

[2] Martinez and the vehicle that he crashed matched the description of a suspect and a vehicle that were involved in a robbery earlier that same day. Likewise, stolen property from that robbery was later recovered in Martinez's apartment.

mitigating arguments regarding his history of mental illness and his head injury from the crash. Martinez appealed.

## II. STANDARD OF REVIEW

We review the district court's application of the Guidelines de novo and its fact findings for clear error. *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009). "A district court's determination that a firearm was used or possessed in connection with another felony offense for purposes of U.S.S.G. § 2K2.1(b)(6)(B) is a factual finding that is reviewed for clear error." *United States v. Bass*, 996 F.3d 729, 742 (5th Cir. 2021).[3] "When making factual findings at the sentencing stage, a district court may consider any information that bears sufficient indicia of reliability to support its probable accuracy." *United States v. Hawkins*, 866 F.3d 344, 347 (5th Cir. 2017) (internal quotation marks and citation omitted). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Jeffries*, 587 F.3d at 692. Moreover, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014).

## III. DISCUSSION

On appeal, Martinez argues that the district court clearly erred in determining that he committed Texas aggravated assault because he did not

---

[3] We have also applied the clear error standard of review in cases involving the application of the § 2K2.1(b)(6)(B) enhancement in conjunction with the felony offense of Texas aggravated assault. *See United States v. Longoria*, 713 F. App'x 327, 327–28 (5th Cir. 2018) (per curiam) ("The evidence supports the conclusion that [the defendant's] conduct in pointing the gun in the direction of the victims and firing it exhibited an intent to threaten bodily injury."); *United States v. Jackson*, 453 F.3d 302, 304, 307–08 (5th Cir. 2006) (concluding there was no clear error in holding that the defendant's conduct constituted Texas aggravated assault where the defendant pushed his girlfriend to the ground, brandished a firearm, and fired a shot into the air).

threaten his girlfriend or the 911-caller and because he never directly threatened the police. We are unpersuaded.

Under the sentencing guidelines, section 2K2.1(b)(6)(B) provides for a four-level enhancement when a defendant "use[s] or possesse[s] any firearm or ammunition in connection with another felony offense." "Another felony offense" is defined as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." § 2K2.1, comment. (n.14(C)). The test for the § 2K2.1(b)(6)(B) enhancement depends on the type of other felony alleged. *See Jeffries*, 587 F.3d at 692–93. Where the other felony is not a burglary or drug trafficking offense, the enhancement applies only "if the firearm . . . facilitated, or had the potential of facilitating, that offense." *Id.* at 693 (internal quotation marks and citation omitted).

Under Texas law, a person commits the felony offense of aggravated assault when he "intentionally or knowingly threatens another with imminent bodily injury" while "us[ing] or exhibit[ing] a deadly weapon." TEX. PENAL CODE §§ 22.01(a)(2), 22.02(a)(2). This offense requires the defendant "to have the specific intent to place any person in fear of imminent serious bodily injury." *Bryant v. State*, 905 S.W.2d 457, 459 (Tex. App.—Waco 1995) (internal quotation marks and citation omitted). It does not, however, "require that the victim or anyone else be actually placed in fear of imminent serious bodily injury." *Id.* "It is immaterial to the offense whether the accused had the capability or the intention to carry out his threat." *Cook v. State*, 940 S.W.2d 344, 349 (Tex. App.—Amarillo 1997). Under Texas law, "imminent" is defined as meaning "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (internal quotation marks omitted) (citing

Black's Law Dictionary 676 (rev. 5th ed. 1979)). The word "imminent" is thus construed as requiring "a present and not a future threat of harm." *Bryant*, 905 S.W.2d at 459.

Here, the record reveals that Martinez has a lengthy criminal history and a violent history of domestic abuse specifically against Kough. According to the presentence investigation report, Martinez has beaten Kough, threatened her with a knife, threatened her with a bottle, and threatened to shoot other individuals who have attempted to intervene and stop Martinez from harming Kough. As Kough reported to police, she attempted to stop Martinez from leaving her apartment but was unable, and perhaps unwilling, to attempt to physically control him and prevent him from leaving. He then proceeded to retrieve a deadly weapon, i.e., his shotgun, from her vehicle and hold it while arguing with her and threatening to shoot people. He then took Kough's vehicle without her permission and crashed it while being pursued by the police. Given these facts, Martinez's lengthy criminal record, and his history of domestic abuse toward Kough, the district court's determination that Martinez committed the felony offense of Texas aggravated assault against her is plausible in light of the record. *See Jeffries*, 587 F.3d at 692; *see also Jackson*, 453 F.3d at 308 (upholding the district court's application of four-level enhancement in § 2K2.1(b)(5) when the defendant fired a pistol after pushing his girlfriend during a heated argument concluding that although the defendant did "not provide a reason for firing the gun during the argument, [] we can discern no reason for doing so other than to threaten and intimidate").

Likewise, this factual scenario also supports the district court's holding that Martinez committed Texas aggravated assault against the 911-caller. Not only was the caller close enough to see Martinez brandishing the shotgun, but she was also close enough to hear him threatening to shoot people, including the police if they were called. Indeed, the 911-caller, who

was there with her children, clearly felt threatened because she called the police quickly after observing the escalating situation between Martinez and Kough. *See De Leon v. State*, 865 S.W.2d 139, 142 (Tex. App.—Corpus Christi–Edinburg 1993) ("The mere presence of a deadly weapon, under proper circumstances, can be enough to instill fear and threaten a person with bodily injury."). Given these facts, and Martinez's history of threatening behavior toward Kough, others, and anyone that tried to call the police on him, the district court's holding that Martinez committed the felony offense of Texas aggravated assault against the 911-caller is also plausible in light of the record. *See Jeffries*, 587 F.3d at 692.[4][5]

For the aforementioned reasons, we hold that the district court did not err in applying the four-level § 2K2.1 enhancement to Martinez's sentence on grounds that he "used or possessed [a] firearm . . . in connection with" the felony offense of Texas aggravated assault. *See* 2K2.1(b)(6)(B); TEX. PENAL CODE §§ 22.01(a)(2), 22.02(a)(2).

### IV. CONCLUSION

Martinez's sentence is AFFIRMED.

---

[4] Moreover, whether Martinez pointed the shotgun directly at Kough or the 911-caller while threatening to use the weapon is immaterial as "[t]here is no requirement that a perpetrator point a weapon directly at a victim in order to be guilty of Texas aggravated assault." *See Longoria*, 713 F. App'x at 327 (citing TEX. PENAL CODE §§ 22.01, 22.02; *De Leon v. State*, 865 S.W.2d 139, 142 (Tex. App. 1993)).

[5] In light of our conclusion that the record supports the district court's holding that Martinez committed Texas aggravated assault against Kough and the 911-caller, we need not address the issue of whether Martinez committed aggravated assault against the police.